# IN THE SUPREME COURT OF TENNESSEE
# AT NASHVILLE
October 3, 2001 Session

## STATE OF TENNESSEE v. RALPH DEWAYNE MOORE

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Roane County**
**No. 11679     E. Eugene Eblen, Judge**

---

### No. E1999-02743-SC-R11-CD - Filed May 3, 2002

---

Ralph Dewayne Moore was indicted and tried on one count of disorderly conduct and two counts of aggravated assault. The jury was instructed that misdemeanor assault and felony reckless endangerment were lesser-included offenses of aggravated assault. Moore was subsequently convicted of disorderly conduct, one count of misdemeanor assault, and one count of felony reckless endangerment. The conviction was affirmed by the Court of Criminal Appeals. On appeal to this Court, Moore contends that: (1) felony reckless endangerment is not a lesser-included offense of aggravated assault; and (2) the evidence presented at trial is insufficient to support the conviction for felony reckless endangerment. We conclude that the offense of felony reckless endangerment is not included within the offense of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon; thus, we hold that the jury was improperly instructed. As a result of our holding, we find it unnecessary to address Moore's second contention. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the cause is remanded to the trial court.

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals is Reversed; Remanded for New Trial

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ. joined.

Walter B. Johnson, II, Harriman, Tennessee, for the appellant, Ralph Dewayne Moore.

Paul G. Summers, Attorney General and Reporter, Mark A. Fulks, Assistant Attorney General, J. Scott McCluen, District Attorney General, and Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

I. Facts and Procedural History

On September 12, 1996, the defendant, Ralph Dewayne Moore, visited a relative whose home is next door to the home of Irvene Taylor. At approximately 4:30 p.m., Taylor's children were home alone awaiting their parents' arrival. While the children were standing in their front yard, Moore began screaming and cursing at them. The children went into their house, telephoned their mother, and advised her of Moore's behavior. When the children's mother, Sandra Taylor, arrived home, she, too, was verbally assaulted by Moore. Sandra Taylor instructed the children to remain inside their home while she went for their father. The children remained in the house until their parents returned.

When Taylor arrived home, Moore entered Taylor's driveway and began threatening him. Contemporaneously, Moore pretended to "draw a gun and shoot" Taylor. Taylor responded by picking up a baseball bat and walking towards Moore. Moore then obtained a gun from a friend who was standing nearby, loaded it, and pointed it at Taylor's daughter. In an attempt to protect her, Taylor stepped between his daughter and the gun and instructed her to go into their home. As Taylor and his daughter were retreating, they heard a gunshot but did not see the gun being fired. Moore was charged with one count of disorderly conduct and two counts of aggravated assault.

At the conclusion of the evidence at trial, the jury received instructions on disorderly conduct,[1] aggravated assault,[2] misdemeanor assault,[3] and felony reckless endangerment[4] as lesser-included offenses of aggravated assault. Moore was convicted of disorderly conduct, one count of misdemeanor assault, and one count of felony reckless endangerment. On appeal to the intermediate court, Moore asserted that the prosecution's failure to prove that he, rather than a third party, fired the weapon rendered the evidence insufficient to support a felony reckless endangerment conviction. The Court of Criminal Appeals concluded, however, that Moore's wielding of the gun constituted a dangerous act sufficient to support the felony reckless endangerment conviction and affirmed the judgment of the trial court.

On appeal to this Court, Moore contends that felony reckless endangerment is not a lesser-included offense of aggravated assault. Additionally, he again contends that the evidence presented at trial does not sufficiently support a felony reckless endangerment conviction. We granted Moore's application to appeal in order to consider whether felony reckless endangerment is indeed a lesser-included offense of aggravated assault.

---

[1]Tenn. Code Ann. § 39-17-305 (1991 Repl.).

[2]Tenn. Code Ann. § 39-13-102 (1991 Repl.).

[3]Tenn. Code Ann. § 39-13-101 (1991 Repl.).

[4]Tenn. Code Ann. § 39-13-103 (1991 Repl.).

## II. Standard of Review

It is well established that issues involving a mixed question of law and fact are subject to de novo review with no presumption of correctness. State v. Smiley, 38 S.W.3d 521 (Tenn. 2001); State v. Rush, 50 S.W.3d 424 (Tenn. 2001). The propriety of charging a lesser-included offense is such an issue; hence, our review of this case is de novo. Id.; see also State v. Burns, 6 S.W.3d 453 (Tenn. 1999).

## III. Analysis

Article I, §9 of the Tennessee Constitution provides that, in a criminal prosecution, the accused has the right to receive advance notice of the charges that he or she must defend. Tenn. Const. art. I, § 9. Consequently, the accused may be convicted only of an offense enumerated in the indictment, or an offense that qualifies as a lesser-included offense thereof. Hagner v. U.S., 285 U.S. 427, 431 (1932); State v. Rush, 50 S.W.3d 424, 427-28 (Tenn. 2001). Moreover, it is the duty of the trial judge to instruct the jury as to the law of a lesser-included offense if he or she determines that: (1) reasonable minds could accept the offense as lesser-included; and (2) the evidence is legally sufficient to support a conviction for the lesser-included offense. State v. Burns, 6 S.W.3d 453, 469 (Tenn. 1999). The judge shall instruct the jury on all lesser-included offenses notwithstanding a request from the defendant. Tenn. Code Ann. § 40-18-110(b)(1997 Repl.).[5]

In State v. Burns this Court adopted a test for determining whether an offense is included within a greater offense. The Burns test states that an offense is lesser-included if:

> (a)　all of its statutory elements are included within the offense charged; or

---

[5]Tenn. Code Ann. § 40-18-110 was amended after the date of the commission of the offense alleged in the case under submission. The amendment, therefore, has no bearing on the outcome in this case. The Code now provides, in pertinent part, that:

> (b) In the absence of a written request from a party specifically identifying the particular lesser included offense or offenses on which a jury instruction is sought, the trial judge may charge the jury on any lesser included offense or offenses, but no party shall be entitled to any such charge.

> (c) Notwithstanding any other provision of law to the contrary, when the defendant fails to request the instruction of a lesser included offense as required by this section, such instruction is waived. Absent a written request, the failure of a trial judge to instruct the jury on any lesser included offense may not be presented as a ground for relief either in a motion for a new trial or on appeal.

Tenn. Code Ann. § 40-18-110 (Amendment effective January 1, 2002).

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing:

> (1) a different mental state indicating a lesser kind of culpability; or

> (2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of facilitation, attempt or solicitation of the offense charged.

Id. at 466-67.

Before applying the Burns test to the offenses at issue in the case under submission, it is necessary to establish the elements of the offenses. Pursuant to Tenn. Code Ann. §§ 39-13-101(a)(2001) and -102(a)(2001), the offense of aggravated assault consists of the following elements relevant to this analysis:

> (1) Intentionally or knowingly:

> > (a) causing bodily injury to another; or

> > (b) causing another to be in reasonable fear of imminent bodily injury; or

> > (c) causing contact with another that a reasonable person would regard as extremely offensive or provocative; and

> > (d) causing serious bodily injury to another; or

> > (e) using or displaying a deadly weapon; or

> (2) Recklessly:

> > (a) causing bodily injury to another, and;

> > (b) serious injury occurs; or

> > (c) using or displaying a deadly weapon.

By contrast, Tenn. Code Ann. § 39-13-103(a)(2001) states that the offense of felony reckless endangerment consists of the following elements:

> (a)    Recklessly engaging in conduct which places or may place another person in imminent danger of death or serious bodily injury; and
>
> (2)    Using or displaying a deadly weapon.

Application of the <u>Burns</u> test requires that we first compare the statutory elements of each offense to determine whether all of the statutory elements of felony reckless endangerment are included within the statutory elements of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon. Our comparison reveals that the risk of danger element required for felony reckless endangerment is not an element necessary to establish aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon. Because all of the elements of felony reckless endangerment cannot be incorporated into the elements of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon, part (a) of the <u>Burns</u> test is not satisfied.

Next, we must determine whether the disparate element, risk of danger, qualifies as an exception afforded by part (b)(1) or (b)(2) of the <u>Burns</u> test. Looking first to part (b)(1), we find that the element does not qualify for this exception because it pertains to the presence of danger rather than the relevant mental state. As a result, part (b)(1) of the <u>Burns</u> test is not satisfied.

Application of part (b)(2) to the risk of danger element requires an evaluation of the degree or risk of harm required for each offense at issue. From an analysis of the statutory requirements of aggravated assault, we determine that the presence of danger is not an essential element of aggravated assault committed by placing another person in fear of imminent danger of death or serious bodily injury. Consequently, one can commit the offense of aggravated assault by placing another person in fear of danger even if there is no risk of danger.[6] The same does not hold true for felony reckless endangerment. It logically follows that the danger produced during the commission of felony reckless endangerment produces a more serious harm or risk of harm than the fear of a non-existent danger that may be produced during the commission of aggravated assault; therefore, part (b)(2) of the <u>Burns</u> test is not satisfied.

Finally, part (c) of the <u>Burns</u> test requires us to determine whether felony reckless endangerment consists of facilitation, attempt, or solicitation of aggravated assault. To make this

---

[6]For example, it is possible to place another in fear of imminent bodily injury by displaying an unloaded or inoperative firearm. Cf. <u>State v. Turner</u>, 300 S.W.2d 920 (Tenn. 1957) (holding that whether a gun is loaded or capable of being discharged is immaterial where the prosecution is for armed robbery, an offense with elements similar to those of aggravated assault).

determination, we need only look to the elements of felony reckless endangerment. In doing so, we find that the offense is not: (1) facilitation of aggravated assault as it does not require the aiding of another in committing the crime; (2) attempted aggravated assault because the offense is not inchoate; or (3) solicitation of aggravated assault because it does not require the urging or incitement of another. We therefore find that part (c) of the Burns test is not satisfied.

Because the statutory elements of the offenses at issue do not satisfy the requirements of the Burns test, we hold that felony reckless endangerment is not a lesser-included offense of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon. We conclude, however, that other offenses may be lesser-included offenses of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon. Thus, on remand, the jury should be instructed on all offenses which qualify under the Burns test as lesser-included offenses of aggravated assault that were not originally charged or were charged but are lesser offenses than felony reckless endangerment. See State v. Rush, 505 S.W.3d 424, 432 (Tenn. 2001).

Moore's second claim before this Court is that the prosecution's failure to present evidence establishing that he fired the gunshot heard by the Taylors renders the evidence insufficient to support a felony reckless endangerment conviction. The Court finds that the resolution of the lesser-included offense issue renders consideration of the sufficiency issue unnecessary.

## IV. Conclusion

We hold that felony reckless endangerment is not a lesser-included offense of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon. Thus, the trial court erred in providing an instruction regarding that offense. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and the cause is remanded for a new trial in accordance with this opinion. Costs of this appeal are taxed to the appellee, the State of Tennessee.

_____
ADOLPHO A. BIRCH, JR., JUSTICE