# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 6, 2002

## STATE OF TENNESSEE v. ARTHUR R. SIMPSON

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-03319     Bernie Weinman, Judge**

---

**No. W2001-03032-CCA-R3-CD  - Filed November 1, 2002**

---

Defendant, Arthur R. Simpson, was indicted for the offense of aggravated assault, allegedly committed by causing the victim to reasonably fear imminent bodily injury by the use of a deadly weapon, to wit: a handgun.  At the conclusion of a jury trial, the trial court charged the jury with aggravated assault, as alleged, and also charged the jury as to lesser-included offenses of felony reckless endangerment and misdemeanor assault.  The jury found Defendant guilty of felony reckless endangerment.  He was sentenced to serve one year in the workhouse, which was suspended and he was placed on probation.  Defendant appeals, with his sole issue being that the evidence is insufficient to sustain the conviction of felony reckless endangerment.  While we find that the evidence presented would be sufficient to support a conviction for felony reckless endangerment, if that offense had been charged, we hold that under the supreme court's decision of *State v. Moore*, 77 S.W.3d 132 (Tenn. 2002), felony reckless endangerment is not a lesser-included offense of aggravated assault as charged in the indictment.  Therefore, the conviction must be reversed and this case remanded for a new trial on the charge of misdemeanor assault.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Criminal Court Reversed and Remanded.

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JOHN EVERETT WILLIAMS, JJ., joined.

A.C. Wharton, Jr., Shelby County Public Defender; Garland Erguden, Assistant Public Defender; and Karen Massey, Assistant Public Defender, Memphis, Tennessee, for the appellant, Arthur R. Simpson.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Camille McMullen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In his brief, Defendant argues that one witness testified that Defendant brandished a gun at the victim, and another witness testified that the Defendant only raised a finger at the victim. Defendant concedes that he cannot argue on appeal that there is "no evidence" to support the conviction, in light of testimony from a police officer that Defendant admitted he "put a gun on" the victim. Nevertheless, Defendant argues that the evidence does not meet the "high standard" enunciated in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Defendant is not entitled to relief on his argument that the evidence is insufficient to sustain a conviction for felony reckless endangerment. His argument focuses upon the weight of the evidence and credibility of the witnesses, which this court cannot reevaluate on appeal. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Viewed in the light most favorable to the State, there was sufficient evidence to sustain a conviction for felony reckless endangerment, *if that charge had been made originally, or if it is included as a lesser-included offense of aggravated assault as charged in the indictment.*

As conceded by the State in its brief, this case is controlled by *State v. Moore*, 77 S.W.3d 132 (Tenn. 2002). In *Moore*, our supreme court held that "felony reckless endangerment is not a lesser-included offense of aggravated assault committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by the use or display of a deadly weapon." *Id.* at 136.

Accordingly, the conviction must be reversed and this case remanded for a new trial on the charge of misdemeanor assault.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is reversed, Defendant's conviction for felony reckless endangerment is set aside, and this case is remanded for a new trial on the charge of misdemeanor assault.

_____
THOMAS T. WOODALL, JUDGE