IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 2004 Session

## STATE  v.  WILMORE HATFIELD

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Fentress County**
No. 7750     Hon. Eric Shayne Sexton, Judge

No. M2002-00939-SC-R11-CD - Filed March 11, 2004

This is an appeal from the Criminal Court for Fentress County which convicted the defendant, Wilmore Hatfield, of felony reckless endangerment as a lesser-included offense of aggravated assault. Relying on this Court's decision in State v. Moore, 77 S.W.3d 132 (Tenn. 2002), the Court of Criminal Appeals reversed the conviction, concluding that felony reckless endangerment was not a lesser-included offense of aggravated assault. The State then sought, and this Court granted, permission to appeal on the sole issue of whether felony reckless endangerment is a lesser-included offense of aggravated assault committed by intentionally or knowingly causing bodily injury to another by the use of a deadly weapon. We hold that it is a lesser-included offense under State v. Burns, 6 S.W.3d 453 (Tenn. 1999). Consequently, the Court of Criminal Appeals' decision with respect to the felony reckless endangerment conviction is reversed, and that conviction is reinstated.

**Tenn. R. App. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals**
**Reversed in Part; Judgment of Trial Court Reinstated**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, Jr., and JANICE M. HOLDER, JJ. joined.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General, for the appellant, State of Tennessee.

Onnie Winebarger, Byrdstown, Tennessee, for the appellee, Wilmore Hatfield.

# OPINION

## BACKGROUND

On February 9, 1999, the defendant, Wilmore Hatfield, after receiving his income tax refund, purchased two six-packs of beer. He then drove to Obe Delk's meat-packaging business just before dark. As the defendant arrived on the premises, Tracey Kerney, the victim, came outside, and a heated argument between the two ensued. Ms. Kerney entered the defendant's car and began to beat his head against the car window. The defendant testified that Ms. Kerney hit him in the head with a pistol and that during the altercation, the weapon fell onto the floor of the defendant's vehicle. Ms. Kerney denied having a gun that night. Ms. Kerney explained that she was intoxicated and assaulted the defendant because he had recently beaten up the son of her boyfriend. Shortly after the altercation began, the defendant drove away.

The defendant testified that he returned about thirty minutes later after discovering that approximately $332.00 of his income tax refund and some tax papers had fallen out of his pocket during the altercation with Ms. Kerney. Upon his return, Ms. Kerney again exited the business. A shot was fired by the defendant, and the bullet struck Ms. Kerney in the left foot. Obe Delk, the owner of the business, testified that the defendant had cocked the gun and fired at the victim saying "Run, bitch! Run!" The defendant denied making such a statement and claimed that he was trying to unload the gun when his thumb slipped off the hammer and it went off. The defendant drove away after the weapon was fired.

State Trooper Kevin Norris stopped the defendant's vehicle shortly thereafter. Norris testified that he smelled alcohol on the defendant's breath and that upon searching the vehicle, he found a .32 caliber pistol and part of two six-packs of beer. About forty-five minutes after being stopped, the defendant was taken to a hospital where a blood sample was taken; his blood alcohol content was found to be 0.11 percent.

A Fentress County grand jury returned a four-count indictment charging the defendant with attempted first degree murder, aggravated assault, felony possession of a weapon, and DUI. At the conclusion of the trial, the trial court charged the jury on attempted first degree murder, second degree murder as a lesser-included offense of attempted first degree murder, aggravated assault, reckless aggravated assault and felony reckless endangerment as lesser-included offenses of aggravated assault, and DUI. The defendant was found guilty of felony reckless endangerment and DUI and sentenced to two years for the former and eleven months and twenty-nine days for the latter.

On appeal, the Court of Criminal Appeals concluded that felony reckless endangerment is not a lesser-included offense of aggravated assault. The court therefore reversed that conviction and remanded for a new trial on the lesser charge of misdemeanor assault. The Court of Criminal Appeals affirmed the conviction for DUI but modified the sentence to reflect suspension of sentence after service of forty-eight hours. The State filed a timely application to appeal on the issue of whether felony reckless endangerment is a lesser-included offense of aggravated assault committed

by intentionally or knowingly causing bodily injury to another by the use or display of a deadly weapon.

## STANDARD OF REVIEW

The question of whether a given offense should be submitted to the jury as a lesser-included offense is a mixed question of law and fact. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The standard of review for mixed questions of law and fact is de novo with no presumption of correctness. Id.; see also Ruff v. State, 978 S.W.2d 95, 96 (Tenn. 1998).

## ANALYSIS

The sole issue is whether the offense of felony reckless endangerment is a lesser-included offense of aggravated assault committed by causing bodily injury by use of a deadly weapon under part (b)(2) of the rule we established in State v. Burns, 6 S.W.3d 453 (Tenn. 1999).[1]

Tennessee Code Annotated sections 39-13-101, -102 (2003) define the offense of aggravated assault. Pursuant to the statute, aggravated assault may be committed in either of two ways: (1) by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use of a deadly weapon, or (2) by intentionally, knowingly or recklessly causing bodily injury to another by use of a deadly weapon. Tenn. Code Ann. §§ 39-13-101, -102 (2003). By comparison, felony reckless endangerment is defined as recklessly engaging in conduct which places another person in imminent danger of death or serious bodily injury by use of a deadly weapon. Tenn. Code Ann. § 39-13-103(a) (2003).

In State v. Moore, 77 S.W.3d 132 (Tenn. 2002), we held that when the offense of aggravated assault is charged as having been committed by causing fear of bodily injury, felony reckless endangerment is not a lesser-included offense.

---

[1] An offense is a lesser included offense of a charged offense if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or
(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
    (1) a different mental state indicating a lesser kind of culpability; and/or
    (2) a less serious harm or risk of harm to the same person, property or public interest; or
(c) it consists of
    (1) facilitation of the offense charged . . .; or
    (2) an attempt to commit the offense charged . . .; or
    (3) solicitation to commit the offense charged . . . .

Burns, 6 S.W.3d at 466-67.

[T]he presence of danger is not an essential element of aggravated assault committed by placing another person in fear of imminent danger of death or serious bodily injury. Consequently, one can commit the offense of aggravated assault by placing another person in fear of danger even if there is no risk of danger. The same does not hold true for felony reckless endangerment. It logically follows that the danger produced during the commission of felony reckless endangerment produces a more serious harm or risk of harm than the fear of a non-existent danger that may be produced during the commission of aggravated assault; therefore, part (b)(2) of the Burns test if not satisfied.

Moore, 77 S.W.3d at 135-36 (footnote omitted).

The facts in this case are different from those in Moore, in that in this case, the defendant actually inflicted injury by use of a deadly weapon and did not merely cause fear of injury. When aggravated assault is charged as being committed by causing bodily injury by use of a deadly weapon, felony reckless endangerment is a lesser-included offense under part (b)(2) of Burns because actual bodily injury to another person as the result of an aggravated assault is necessarily a greater harm than the merely placing a person in danger of serious bodily injury or death. For example, the infliction of a gunshot wound, as occurred in the case under submission, produces a more serious harm than creating a danger that such a harm might occur. See State v. Rush, 50 S.W.3d 424, 431 (Tenn. 2001) (reckless aggravated assault not a lesser-included offense of attempted second-degree murder under Burns (b)(2) because reckless aggravated assault requires proof of either serious bodily injury or bodily injury while attempted murder does not necessarily involve injury to victim). Because of this, felony reckless endangerment is a lesser-included offense of aggravated assault committed by intentionally or knowingly causing bodily injury to another by the use of a deadly weapon.

## CONCLUSION

In summary, we hold that where aggravated assault is charged as having been committed by causing actual bodily injury, felony reckless endangerment is a lesser-included offense of that aggravated assault. Therefore, we reverse the Court of Criminal Appeals' decision and reinstate the defendant's conviction for felony reckless endangerment.

Costs of this appeal are assessed to the defendant, Wilmore Hatfield.

_____
WILLIAM M. BARKER, JUSTICE

-4-