IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE


**JOHN R. BENSON v. STATE OF TENNESSEE, KEVIN MYERS, WARDEN**

**Appeal from the Circuit Court for Wayne County**
**No. 13672     Stella L. Hargrove, Judge**

---

**No. M2005-01417-CCA-R3-HC - Filed September 16, 2005**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has appealed the trial court's order summarily dismissing the petition for the writ of habeas corpus. In that petition, the petitioner alleges that the trial court erred by failing to appoint counsel and that the trial court erred by charging the jury with reckless endangerment as a lesser-included offense of aggravated assault. Upon a review of the record in this case we are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

John Robert Benson, Pro Se, Clifton, Tennessee.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Beldsoe, Assistant Attorney General, for the appellee, State of Tennessee.


**MEMORANDUM OPINION**

The petitioner was convicted of two (2) counts of attempted first degree murder and three (3) counts of reckless endangerment by a Bedford County Circuit Court. As a result of the convictions, the petitioner was sentenced to an effective sentence of thirty (30) years. On direct appeal, this Court affirmed both the convictions and the sentence. See State v. John R. Benson, No. 01C01-9806-CC-00239, 2000 WL 19535 (Tenn. Crim. App., at Nashville, Jan. 13, 2000), perm. app. denied, (Tenn. Oct. 16, 2000). Subsequently, the petitioner filed a petition for post-conviction relief, alleging that

he received ineffective assistance of counsel. The post-conviction court denied the petition for post-conviction relief, and this Court affirmed the denial of the petition on appeal. See John R. Benson v. State, No. M2001-02510-CCA-R3-PC, 2002 WL 31777741 (Tenn. Crim. App., at Nashville, Dec. 12, 2002), perm. app. denied, (Tenn. Apr. 28, 2003). The petitioner then filed a pro se petition for habeas corpus relief, alleging that the trial court improperly instructed the jury on reckless endangerment as a lesser-included offense of aggravated assault and that the trial court erred by not appointing counsel to represent the petitioner in the habeas corpus proceedings. The trial court denied the petition for habeas corpus relief and the petitioner filed a timely notice of appeal with this Court.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If the petitioner fails to establish that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella, 891 S.W.2d at 627-28.

The petitioner first alleges that the trial court improperly instructed the jury on reckless endangerment as a lesser-included offense of aggravated assault. Neither erroneous evidentiary rulings nor defective jury instructions affect the jurisdiction or authority of the trial court to pronounce judgment. See State v. Henderson, 640 S.W.2d 56, 57 (Tenn. Crim. App. 1982) (determining that a habeas corpus proceeding is not the proper action in which "to review or correct errors of law or fact committed by the trial court in the exercise of its jurisdiction"). Further, the petitioner's trial occurred before the Tennessee Supreme Court determined in State v. Moore, 77 S.W.3d 132 (Tenn. 2002), that felony reckless endangerment was not a lesser-included offense of aggravated assault when the aggravated assault is charged as having been committed by fear of

bodily injury.[1]  Thus, the judgment against the petitioner is not void nor has his sentence expired. Consequently, no grounds exist which would entitle the petitioner to habeas corpus relief.

The petitioner also alleges that the trial court erred by refusing to appoint counsel for the petitioner during the habeas corpus proceedings.  While there is no federal or state constitutional right to appointment of counsel in a habeas corpus proceeding, the trial court has a duty to appoint counsel if necessary.  See Tenn. Code Ann. § 40-14-204.  However, as noted above, if the petitioner's judgments are facially valid and not void, the trial court may properly dismiss the petition for writ of habeas corpus without appointing counsel and without holding an evidentiary hearing.  In the present case, the trial court's actions in refusing to appoint counsel were justified because the petitioner did not allege any facts that justified habeas corpus relief.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . .

We determine that this case meets the criteria of the above-quoted rule and therefore we grant the State's motion filed under Rule 20 and we affirm the judgment of the trial court.

 

 

 

 

_____
JERRY L. SMITH, JUDGE

---

[1] In State v. Hatfield, 130 S.W.3d 40 (Tenn. 2004), the Supreme Court determined that felony reckless endangerment is a lesser-included offense of aggravated assault when the assault is committed by intentionally or knowingly causing bodily injury to another by the use of a deadly weapon.