# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
September 7, 2000 Session

## STATE OF TENNESSEE v. GUY WILLIAM RUSH

**Appeal from the Court of Criminal Appeals**
**Criminal Court for Sullivan County**
**No. S38259     R. Jerry Beck, Judge**

---

**No. E1998-00592-SC-R11-CD - Filed April 6, 2001**

---

Guy William Rush was indicted and tried for one count of attempt to commit second degree murder and one count of aggravated assault. On the attempted second degree murder count, the trial court instructed the jury on a number of lesser-included offenses, including attempted voluntary manslaughter; intentional or knowing aggravated assault accompanied by serious bodily injury; reckless aggravated assault accompanied by serious bodily injury; and assault accompanied by bodily injury. The jury convicted Rush of the lesser-included offense of reckless aggravated assault. Rush appealed, challenging the trial court's instructions on lesser-included offenses, and the Court of Criminal Appeals affirmed. Applying the lesser-included offense test established in State v. Burns, 6 S.W.3d 453 (Tenn. 1999), we conclude that neither reckless aggravated assault nor felony reckless endangerment are lesser-included offenses of attempted second degree murder. We conclude, however, that the offense of misdemeanor reckless endangerment is a lesser-included offense of attempted second degree murder and that the trial court erred in failing to so instruct the jury. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the cause for a new trial in accordance with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Remanded for New Trial**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined. FRANK F. DROWOTA, III, J., not participating.

Mark D. Harris (at trial and on appeal) and Richard A. Spivey (at trial), Kingsport, Tennessee, for the appellant, Guy William Rush.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, Daryl J. Brand, Associate Solicitor General, Erik W. Daab, Assistant Attorney General, H. Greeley Wells, Jr., District Attorney General, and Edward E. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts and Procedural History

On October 1, 1995, Tina Rush[1] and a friend, Wendy Crowe, went to the Station Bar in Sullivan County to play pool and watch television. They arrived at the bar between 3 and 3:30 p.m. Approximately three hours later, Guy William Rush (Rush), the defendant, entered the bar accompanied by his friend, Larry A. "Pete" Gross. While in the bar, Rush and Tina Rush conversed amicably.

Later that evening, at the bar, Gross became involved in an argument with Jimmy Cullop, and the owner of the bar asked Gross to leave. Gross and Rush were escorted outside; they loitered in the parking lot. Between fifteen minutes and one hour later, Crowe and Tina Rush left the bar. As they were leaving, they paused to speak with Cullop, a former boyfriend of Tina Rush. Shortly thereafter, Rush approached Tina Rush and initiated a conversation. At some point in the conversation, Tina Rush apparently believed that Rush intended to fight with Cullop, so she told Rush to leave Cullop alone. This caused an altercation, during which Tina Rush sprayed Rush's face with pepper spray, and Rush struck Tina Rush in the jaw with his fist. Crowe retreated into the bar to call the police, and while she was inside the bar, Rush pulled a knife from his pocket and stabbed Tina Rush in her right elbow and under her left breast. He then seized her from behind and stabbed her twice in the back.

When Crowe emerged from the bar, she pulled Rush away from Tina Rush. Rush made stabbing motions toward Crowe with his knife but did not stab her, possibly because his vision had become blurred by the pepper spray. Eventually, the owner of the bar forced Crowe and Tina Rush back inside the bar, leaving Rush in the parking lot, where police soon arrived and arrested him. Tina Rush was transported by ambulance to Bristol Medical Center, where she was treated for multiple puncture wounds. She remained hospitalized for four days.

Rush was tried by a Sullivan County jury on one count of attempted second degree murder of Tina Rush (Count I) and one count of aggravated assault of Wendy Crowe (Count II). At the conclusion of trial, the trial court instructed the jury on several lesser-included offenses. Pursuant to Count I, the trial court instructed the jury regarding attempted second degree murder; attempted voluntary manslaughter; intentional or knowing aggravated assault accompanied by serious bodily injury; reckless aggravated assault accompanied by serious bodily injury; and assault accompanied by bodily injury. With respect to Count II, the trial court gave instructions regarding intentional or knowing aggravated assault by use of a deadly weapon; reckless endangerment by use of a deadly weapon; and assault by causing another to reasonably fear imminent bodily injury. In addition, the

_____

[1]At the time of the events at issue in this case, Guy and Tina Rush had been divorced for approximately three and one half years. They continued to encounter one another regularly, mainly because their daughter visited Guy Rush every other weekend.

trial court instructed the jury on the defenses of self-defense and necessity. The jury convicted Rush of reckless aggravated assault with respect to Count I but acquitted him with respect to Count II.

Rush appealed, contending *inter alia* that (1) reckless aggravated assault is not a lesser-included offense of attempted second degree murder, and therefore the trial court erred in instructing the jury on the offense of reckless aggravated assault; (2) the evidence was insufficient to support a conviction for reckless aggravated assault; and (3) the trial court erred in failing to instruct the jury on the offense of felony reckless endangerment as a lesser-included offense of attempted second degree murder. The Court of Criminal Appeals affirmed the reckless aggravated assault conviction. We granted appeal, limited to the three issues discussed above, in order to clarify the proper analysis to be employed in determining what instructions should be given to the jury regarding lesser-included offenses. After reviewing relevant authority, we conclude that the trial court erred in instructing the jury on the offense of reckless aggravated assault.[2] We further conclude that the trial court did not err in failing to instruct the jury on the offense of felony reckless endangerment. However, we find that misdemeanor reckless endangerment is a lesser-included offense of second degree murder and that the trial court erred in failing to instruct the jury regarding this offense. Therefore, we reverse the judgment of the Court of Criminal Appeals, and we remand the cause to the trial court for a new trial consistent with this opinion.

## II. Standard of Review

The question whether a given offense should be submitted to the jury as a lesser-included offense is a mixed question of law and fact. State v. Smiley, ___ S.W.3d ___ (Tenn. 2001). The standard of review for mixed questions of law and fact is de novo with no presumption of correctness. Id.; see also Aaron v. Aaron, 909 S.W.2d 408, 410 (Tenn. 1995).

## III. Analysis

### A. Lesser Included Offenses Generally

In criminal prosecutions, the accused has a right to fair and reasonable notice of the charges to be defended. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. Because of this right to notice, the accused may be convicted only of a crime which is raised by the indictment or which is a lesser-included offense thereof. See Hagner v. United States, 285 U.S. 427, 431, 52 S. Ct. 417, 419, 76 L. Ed. 861 (1932). Under the Tennessee Rules of Criminal Procedure, an offense is defined as a lesser-included offense if it is "necessarily included in the offense charged." Tenn. R. Crim. P. 31(c). A trial court has the duty to instruct the jury "on all lesser-included offenses if the evidence introduced at trial is legally sufficient to support a conviction for the lesser offense." State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999). This mandate applies "whether or not a defendant requests such an

---

[2]Because we find that the reckless aggravated assault instruction was erroneous, we need not address whether the evidence would have supported a conviction for reckless aggravated assault.

instruction." State v. Burns, 6 S.W.3d 453, 464 (Tenn. 1999); see also Tenn. Code Ann. § 40-18-110(a) (1999) (providing that trial judges in felony prosecutions "wherein two or more grades or classes of offense may be included in the indictment" have a duty to charge the jury as to each offense "without any request on the part of the defendant to do so").

Historically, Tennessee has followed a "statutory elements" approach to defining lesser-included offenses.[3] See State v. Dominy, 6 S.W.3d 472, 476 (Tenn. 1999); Howard v. State, 578 S.W.2d 83, 85 (Tenn. 1979). Generally speaking, an offense qualifies as lesser-included under the statutory elements approach only when the elements of the lesser offense are a subset of the elements of the greater offense. See Schmuck v. United States, 489 U.S. 705, 716, 109 S. Ct. 1443, 1450, 103 L. Ed. 2d 734 (1989); see also James A. Shellenberger and James A. Strazzella, The Lesser-included Offense Doctrine and the Constitution: The Development of Due Process and Double Jeopardy Remedies, 79 Marq. L. Rev. 1, 6-11 (1995). In Dominy, we described Tennessee's statutory elements approach as follows:

> [A] determination of whether an offense [is] lesser-included involve[s] a comparison of the statutory elements of the offense charged in the indictment with the statutory elements of the offense alleged to [be] lesser-included. Under this test, an offense is lesser-included if all its elements are contained within the elements of the offense charged in the indictment.

Dominy, 6 S.W.3d at 476.

In State v. Burns, however, we recognized that strict adherence to the statutory elements test may unfairly disadvantage the accused. 6 S.W.3d at 465. As we stated in Burns, "Application of the statutory elements test . . . may preclude instruction on a lesser related offense where that lesser offense contains an element not required for the greater offense. Thus, in some cases, application of the [statutory elements] analysis may deprive the defendant of the right to present a defense." Id. In order to remedy this problem, we adopted a modified version of the American Law Institute's Model Penal Code definition of lesser-included offenses, which broadens somewhat the statutory elements test in order to rectify its disadvantages. In outlining the test to be followed by trial courts in determining whether one offense is a lesser-included offense of another, we stated:

An offense is a lesser-included offense if:

---

[3]In State v. Trusty, we briefly expanded our lesser-included offense analysis to encompass "lesser-grade" offenses, defined as those offenses located within the same statutory part as the charged offense but containing different or additional elements than the charged offense. See State v. Trusty, 919 S.W.2d 305, 310-11 (Tenn. 1996). However, the lesser-grade offense analysis of Trusty proved to be unworkable in application and has been abandoned. See Burns, 6 S.W.3d at 465.

(a)  all of its statutory elements are included within the statutory elements of the offense charged; or

(b)  it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

(1)  a different mental state indicating a lesser kind of culpability; and/or

(2)  a less serious harm or risk of harm to the same person, property or public interest; or

(c)  it consists of

(1)  facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

(2)  an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

(3)  solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Id. at 466-67.[4]

The Burns test thus provides a three-part analysis for determining whether one offense is a lesser-included offense of a greater offense.  Part (a) represents a strict statutory elements test, under which an offense can only be a lesser-included offense if all of its elements are contained within the elements of the greater offense.  Id. at 467.  Parts (b) and (c) represent exceptions to the strict application of the statutory elements analysis.  Under part (b), an offense may still be a lesser-included offense despite having a different element if the differing element reflects a less serious harm or risk of harm or involves a differing mental state indicating a lesser kind of culpability.  Id. Importantly, however, the analysis under part (b) is more narrow than the corresponding analysis espoused by the Model Penal Code because the statutory elements in question remain the focus of

---

[4]In addition to the lesser-included offense test outlined above, of course, an offense can also be a lesser-included offense of a greater offense if it is so designated by the legislature.  Burns, 6 S.W.3d at n.12 (citing, e.g., Tenn. Code Ann. § 39-15-401(d) (Supp. 1998) (designating child abuse or neglect as a lesser-included offense of any kind of homicide, statutory assault, or sexual offense if the victim is a child and the evidence supports the charge); Tenn. Code Ann. § 55-10-415(c) (1998) (designating the offense of underage driving while impaired as a lesser-included offense of driving while intoxicated)).

the inquiry. See id. Under part (c), the inchoate offenses of facilitation, attempt, and solicitation are designated to be lesser-included offenses in cases where the evidence would support a conviction for the inchoate offense.[5] Id.

Once an offense is determined to be a lesser-included offense, Burns provides that the trial court then must determine whether the evidence adduced at trial would support a conviction for that offense. Id. at 467-68. To make this determination, the Burns Court directed,

> First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense. In making this determination, the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

Burns, 6 S.W.3d at 469. If the trial court finds that the offense is lesser-included and the evidence would support a conviction for that offense, then it has a duty to instruct the jury regarding the lesser-included offense. Id.

### B. Reckless Aggravated Assault

Applying the Burns test to the offenses at issue in the case under submission, we find that reckless aggravated assault is not a lesser-included offense of attempted second degree murder. Because second degree murder is defined in pertinent part as "[a] knowing killing of another," the offense of attempted second degree murder requires proof of the following elements: (1) a knowing (2) attempt, (3) to kill another. See Tenn. Code Ann. §§ 39-13-210(a)(1) (1999) (defining second degree murder); 39-12-101 (1999) (defining criminal attempt). By comparison, the aggravated assault statute provides in pertinent part that a defendant commits aggravated assault when he or she "[r]ecklessly commits an assault as defined in § 39-13-101(a)(1) [in other words, 'recklessly causes bodily injury to another'], and (A) causes serious bodily injury to another; or (B) uses or displays a deadly weapon." Tenn. Code Ann. § 39-13-102(a)(2) (1999) see also State v. Hammonds, 30 S.W.3d 294, 298 (Tenn. 2000)(discussing the elements of aggravated assault). Therefore, reckless aggravated assault requires proof of the following: (1) recklessly (2) causing bodily injury to another and (3) either (a) the bodily injury is serious or (b) a deadly weapon is displayed. See id. Thus, under part (a) of the Burns test, reckless aggravated assault cannot be a lesser-included offense of second degree murder because reckless aggravated assault requires proof of either (a) serious bodily

---

[5]Because the elements of reckless aggravated assault and felony reckless endangerment do not constitute the facilitation, attempt, or solicitation of attempted second degree murder, part (c) is not implicated in this case and bears no further discussion here.

injury or (b) bodily injury and display of a deadly weapon, neither of which is required to prove attempted second degree murder.[6]

Having found that part (a) of the Burns test does not apply, we turn to part (b). Part (b) continues the elements-based analysis of the prior part. Initially, we focus upon what the differing element or elements indicate. If the differing element indicates a "different mental state," then the defendant must demonstrate that the element satisfies part (b)(1) of the Burns test. If the offense is related to the harm posed by the offense, then the defendant must demonstrate that it satisfies part (b)(2). If the offense contains differing elements related to both mental state and harm, then both (b)(1) and (b)(2) must be satisfied.

The offense at issue here, reckless aggravated assault, appears to contain two elements which differ from the elements of attempted second degree murder: (1) the reckless intent element; and (2) the element requiring proof of either serious bodily injury or bodily injury and display of a deadly weapon. The reckless intent element, however, actually is not a differing element. Because lesser levels of the statutory hierarchy of mental states (intentional, knowing, reckless, and criminally negligent) are included within the greater levels pursuant to Tenn. Code Ann. § 39-11-301(a)(2) (2000), an intent element which differs from the intent element of the charged offense only by one of these lower-hierarchy mental states is not actually treated as a differing element.[7] In this case, the reckless intent element of reckless aggravated assault is lower on the statutory hierarchy than the knowing intent element of second degree murder. Thus, it is included within the knowing intent element of attempted second degree murder and is not considered a differing element.

Consequently, the only truly differing element in reckless aggravated assault is the requirement of either serious bodily injury or bodily injury and display of a deadly weapon. While this requirement is related to the harm contemplated by the offense, part (b)(2) is not satisfied because the differing element does not reflect a "less serious harm or risk of harm to the same person, property, or public interest." One might argue that the harm contemplated by the elements of attempted second degree murder, death, is more serious than the bodily injury contemplated by the elements of aggravated assault. However, under the narrow reading of part (b) required by Burns, such an argument is not persuasive. In order to convict a defendant of reckless aggravated assault, the State must prove that either bodily injury or serious bodily injury has occurred. In order to convict a defendant of attempted second degree murder, on the other hand, the State does not have to prove any bodily injury at all, for an attempt to kill does not necessarily result in injury to the

---

[6]Indeed, it would be theoretically possible for a defendant to be guilty of second degree murder even though the intended victim was completely unaware of the attempt.

[7]Even if elements reflecting an intent lower on the hierarchy were treated as differing elements, the same result would be reached under part (b)(1), for lesser-hierarchy intent elements also reflect a lesser degree of culpability. Since such elements are not treated as differing, however, the analysis under part (a) of Burns suffices and it is simply not necessary to use part (b)(1). Part (b)(1) is necessary, however, when an offense has a differing mental state element which does not neatly fit within the hierarchy (e.g., voluntary manslaughter as a lesser-included offense of first degree murder).

victim. Thus, the harm contemplated by the bodily injury element of reckless aggravated assault is not less serious than the harm contemplated by the attempted killing element of attempted second degree murder because many attempted murders do not involve any injury at all to the victim, whereas a reckless aggravated assault always involves bodily injury. Consequently, part (b) is not satisfied, and therefore, reckless aggravated assault is not a lesser-included offense of attempted second degree murder under the Burns test.

### C. Felony Reckless Endangerment

A similar analysis applies to the offense of felony reckless endangerment. The reckless endangerment statute provides that a person commits felony reckless endangerment if he or she (1) recklessly (2) "engages in conduct which places or may place another person in imminent danger of death or serious bodily injury" and (3) a deadly weapon is used. See Tenn. Code Ann. § 39-13-103(a), (b) (1999). Because proof of use of a deadly weapon is always required for a felony reckless endangerment conviction but is not required for an attempted second degree murder conviction, and because the deadly weapon element does not reflect an intent requirement indicating lesser culpability or a less serious risk of harm, neither part (a) nor part (b) of the Burns test is satisfied. Therefore, like reckless aggravated assault, felony reckless endangerment is not a lesser-included offense of attempted second degree murder, and the trial court thus did not err in failing to instruct the jury on this offense.

### D. Misdemeanor Reckless Endangerment

Our review of the reckless endangerment statute suggests, however, that misdemeanor reckless endangerment would be a lesser-included offense of attempted second degree murder. Although Rush has not raised the issue whether the trial court erred by failing to instruct the jury regarding misdemeanor reckless endangerment, we find it appropriate to discuss this offense for two reasons: first, misdemeanor reckless endangerment is governed by the same statute as felony reckless endangerment, and second, the trial court has a duty to instruct the jury regarding all applicable lesser-included offenses regardless of whether the defendant requests the instruction.

Misdemeanor reckless endangerment includes all of the elements of felony reckless endangerment except for the element requiring use of a deadly weapon. See Tenn. Code Ann. § 39-13-103(a) (1999). Thus, the offense requires: (1) reckless conduct which (2) places another person in danger of death or serious bodily injury. Although these elements do not satisfy part (a) of the Burns test because they are not included in the offense of attempted second degree murder, they do satisfy part (b). The reckless intent requirement of misdemeanor reckless endangerment indicates a lesser degree of culpability than the knowing intent to kill contemplated by the offense of second degree murder, and the risk of harm contemplated by misdemeanor reckless endangerment, danger of death or serious bodily injury, is less serious than the risk of an attempted killing contemplated by attempted second degree murder. Therefore, the trial court erred because it did not instruct the jury regarding the lesser included offense of misdemeanor reckless endangerment.

Having found that misdemeanor reckless endangerment is a lesser-included offense to attempted second degree murder, we must next determine whether there is a rational basis for a charge on that offense. As provided in Burns, "the mere existence of a lesser offense to a charged offense is not sufficient alone to warrant a charge on that offense. Whether or not a particular lesser-included offense should be charged to the jury depends on whether proof in the record would support the lesser charge." 6 S.W.3d at 468. Viewing the evidence liberally in the light most favorable to the existence of the lesser-included offense, as required by Burns, we conclude that a reasonable jury could find that Rush recklessly engaged in conduct which placed or may have placed Tina Rush in imminent danger of death or serious bodily injury. Therefore, the trial court had a duty to instruct the jury regarding the lesser-included offense of misdemeanor reckless endangerment.

Because the jury was not properly instructed regarding lesser-included offenses of attempted second degree murder, and because Rush was convicted of an offense which was neither included in the indictment nor a lesser-included offense of attempted second degree murder, Rush must have a new trial on Count I of the indictment, charging the attempted second degree murder of Tina Rush. On that Count, however, the jury at the first trial has rejected the charges of attempted second degree murder and attempted voluntary manslaughter by finding Rush guilty of a lesser offense, even though the offense on which it convicted Rush was not properly before it. To retry him, under these circumstances, for attempted second degree murder and attempted voluntary manslaughter would violate constitutional prohibitions against double jeopardy. See State v. Maupin, 859 S.W.2d 313 (Tenn. 1993) (allowing retrial on lesser-included offenses but prohibiting retrial on the greater offense). Thus, on remand, Rush should be tried for any offenses which qualify under the Burns analysis as lesser-included offenses of attempted second degree murder that (1) were not originally charged; or (2) were charged but which are lesser offenses than reckless aggravated assault.

## IV. Conclusion

For the foregoing reasons, we hold that reckless aggravated assault and felony reckless endangerment are not lesser-included offenses of attempted second degree murder. However, misdemeanor reckless endangerment is a lesser-included offense of attempted second degree murder, and the trial court erred in failing to charge the jury regarding that offense. Therefore, we reverse the judgment of the Court of Criminal Appeals and remand the cause for a new trial on Count I of the indictment in accordance with this opinion. Costs on this appeal are taxed to the appellee, the State of Tennessee.

_____
ADOLPHO A. BIRCH, JR., JUSTICE