# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
May 11, 2004 Session

## STATE OF TENNESSEE v. JOHN C. WALKER, III

**Direct Appeal from the Criminal Court for Putnam County**
**No. 02-0306      Lillie Ann Sells, Judge**

_____

**No. M2003-01732-CCA-R3-CD - Filed August 11, 2004**

_____


JOHN EVERETT WILLIAMS, J., concurring in part, dissenting in part


I join with the majority in affirming the appellant's conviction and resulting sentence. I dissent, however, from that portion of the opinion which holds that aggravated assault and assault are not lesser included offenses of first degree (premeditated) murder. In State v. Paul Graham Manning, No. M2002-00547-CCA-R3-CD, 203 Tenn. Crim. App. LEXIS 117, at *7 (Tenn. Crim. App. at Nashville, Feb. 14, 2003), perm. to appeal denied, (Tenn. Dec. 15, 2003), a panel of this Court reasoned that:

> [f]irst degree premeditated murder is the "premeditated and intentional killing of another." Tenn. Code Ann. § 39-13-202(a)(1). An aggravated assault is committed, on the other hand, when the accused intentionally, knowingly, or recklessly causes serious bodily injury to another. See id. § 39-13-102(a)(1)(A), (a)(2)(A). Similarly, an assault is committed when one "intentionally, knowingly or recklessly causes bodily injury to another." Id. § 39-13-101(a)(1). The mens rea of intentional includes the mens rea of knowing and reckless. See id. § 39-11-301(a)(2). A killing certainly includes serious bodily injury (as well as bodily injury). Thus, all of the statutory elements of these forms of aggravated assault and assault are included within the statutory elements of first degree premeditated murder, and they are therefore lesser included within the statutory elements of first degree premeditated murder, and they are therefore lesser included offenses under Part (a) of the Burns test.

The common rule of thumb if a lesser included offense is found under part (a) of Burns, is to say that every time the greater offense occurs, the lesser is necessarily committed as well. I conclude that every time a murder occurs, the victim receives a "bodily injury" and a "serious bodily injury" as defined in Tennessee Code Annotated section 39-11-106(a)(2), (34). As I have stated in State v. Perry, 2001 Tenn. Crim. App. LEXIS 514 (Tenn. Crim. App. at Jackson, July 13, 2001): "The victim here suffered the ultimate serious bodily injury, death." Given our statutory definition

of aggravated assault and assault, each involving injury, I cannot imagine a person murdered without being assaulted as well.

The majority's line of cases do not involve the offense of first degree premeditated murder, but the offense of attempted first degree premeditated murder which could result without any bodily injury to the victim. A key distinction. Also, the majority is concerned with constitutionally guaranteed notice requirement. Here the notice requirement is fulfilled by the law providing that an indicted charge carries with it all offenses which are lesser included offenses of the greater charge. State v. Rush, 50 S.W.3d 424, 427 (Tenn. 2001) (citing Hagner v. United States, 285 U.S. 427, 431, 52 S. Ct. 417, 419, 76 L. Ed. 861 (1932)).

In the instant case, the jury rejected lesser included offenses higher on the hierarchy than those challenged as omitted, and the error is therefore harmless beyond a reasonable doubt. State v. Allen, 69 S.W.3d 181, 189 (Tenn. 2002) (citing State v. Williams, 977 S.W.2d 101, 106 (Tenn. 1998)). The appellant is entitled to no relief on this issue due to the error being harmless beyond a reasonable doubt.

_____
JOHN EVERETT WILLIAMS, JUDGE