# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 4, 2004

## STATE OF TENNESSEE v. RONALD BOWMAN

**Appeal from the Criminal Court for Shelby County**
**No. 03-01525     Chris Craft, Judge**

---

**No. W2003-02389-CCA-R3-CD  -  Filed January 13, 2005**

---

GARY R. WADE, P.J., dissenting.

Because I believe that the trial court erred by failing to charge fraudulent use of a driver's license as a lesser included offense of identity theft, and because I cannot conclude that the error was harmless beyond a reasonable doubt, I would reverse the defendant's conviction and remand the matter for a new trial.

Initially, citing Tennessee Code Annotated section 40-18-110(c), the state contends that because the defendant failed to request the instruction of lesser included offenses in writing prior to trial and failed to present the issue in his motion for new trial, it is waived. Generally, the failure to present an issue in a motion for new trial results in waiver. Rule 3(e) of the Tennessee Rules of Appellate Procedure provides that for appeals "in all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, . . . or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived." See also State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997) (holding that a defendant relinquishes the right to argue on appeal any issues that should have been presented in a motion for new trial). Whether properly assigned or not, however, this court may consider plain error upon the record under Rule 52(b) of the Tennessee Rules of Criminal Procedure. State v. Ogle, 666 S.W.2d 58 (Tenn. 1984).

Before an error may be so recognized, it must be "plain" and must affect a "substantial right" of the accused. The word "plain" is synonymous with "clear" or equivalently "obvious." United States v. Olano, 507 U.S. 725, 732 (1993). Plain error is not merely error that is conspicuous, but especially egregious error that strikes at the fairness, integrity, or public reputation of judicial proceedings. See State v. Wooden, 658 S.W.2d 553, 559 (Tenn. Crim. App. 1983). In State v. Adkisson, 899 S.W.2d 626, 639 (Tenn. Crim. App. 1994), this court defined "substantial right" as a right of "fundamental proportions in the indictment process, a right to the proof of every element of the offense and . . . constitutional in nature." In that case, this court established five factors to be applied in determining whether an error is plain:

(a) The record must clearly establish what occurred in the trial court;
(b) a clear and unequivocal rule of law must have been breached;
(c) a substantial right of the accused must have been adversely affected;
(d) the accused [must not have waived] the issue for tactical reasons; and
(e) consideration of the error must be "necessary to do substantial justice.

Id. at 641-42. Our supreme court characterized the Adkisson test as a "clear and meaningful standard" and emphasized that each of the five factors must be present before an error qualifies as plain error. State v. Smith, 24 S.W.3d 274, 282-83 (Tenn. 2000). The right to jury instructions on lesser included offenses is based, in large measure, upon the constitutional right to trial by jury. See Tenn. Const. art. I, § 6; State v. Bowles, 52 S.W.3d 69, 77 (Tenn. 2001). The erroneous failure to charge the appropriate lesser included offenses may qualify as "plain" when the error cannot be classified as harmless beyond a reasonable doubt. Cf. State v. Ben Mills, No. W1999-01175-CCA-R3-CD (Tenn. Crim. App., at Jackson, May 3, 2002) (erroneous failure to provide jury instructions on lesser included offenses did not qualify as plain error where the error could be classified as harmless beyond a reasonable doubt).

The question of whether a given offense should be submitted to the jury as a lesser included offense is a mixed question of law and fact. State v. Rush, 50 S.W.3d 424, 427 (Tenn. 2001) (citing State v. Smiley, 38 S.W.3d 521 (Tenn. 2001)). The standard of review for mixed questions of law and fact is de novo with no presumption of correctness. Id.; see also State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court has a duty "to give a complete charge of the law applicable to the facts of a case." State v. Harbison, 704 S.W.2d 314, 319 (Tenn. 1986); see also Tenn. R. Crim. P. 30.

In Burns, our supreme court adopted a modified version of the Model Penal Code in order to determine what constitutes a lesser included offense:

An offense is a lesser included offense if:
(a) all of its statutory elements are included within the statutory elements of the offense charged; or
(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
(1) a different mental state indicating a lesser kind of culpability; and/or
(2) a less serious harm or risk of harm to the same person, property or public interest, or
(c) it consists of
(1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser included offense in part (a) or (b); or
(2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser included offense in part (a) or (b); or
(3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser included offense in part (a) or (b).

6 S.W.3d at 466-67.

The trial court has a duty to instruct the jury as to a lesser included offense if: (1) reasonable minds could accept the offense as lesser included; and (2) the evidence is legally sufficient to support a conviction for the lesser included offense. Burns, 6 S.W.3d at 469; see also State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999). Moreover, our supreme court has held that trial courts "must provide an instruction on a lesser-included offense supported by the evidence even if such instruction is not consistent with the theory of the State or of the defense. The evidence, not the parties, controls whether an instruction is required." State v. Allen, 69 S.W.3d 181, 188 (Tenn. 2002). Our high court observed that the "jury is not required to believe any evidence offered by the State," and held that the authority of the jury to convict on a lesser-included offense may not be taken away, even when proof supporting the element distinguishing the greater offense from the lesser offense is uncontroverted. Id. at 189.

I disagree with the majority's conclusion that fraudulent use of a driver's license is not a lesser included offense of identity theft. Because all the elements of fraudulent use of a driver's license are included within the statutory elements of identity theft, it is my view that it qualifies as a lesser included offense under part (a) of the Burns test. As the majority notes, the offense of identity theft is committed when a person "knowingly transfers or uses, without lawful authority, a means of identification of another person with the intent to commit, or otherwise promote, carry on, or facilitate any unlawful activity." Tenn. Code Ann. § 39-14-150(a). Fraudulent use of a driver's license occurs when a person "[d]isplay[s] or represent[s] as [his] own any driver license not issued to such person." Tenn. Code Ann. § 55-50-601(3). The offense of identity theft requires a knowing mental state. Because no mens rea is specified in the fraudulent use of a driver's license statute, knowledge or recklessness would suffice to establish the culpable mental state. Tenn. Code Ann. § 39-11-301(c) ("If the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge or recklessness suffices to establish the culpable mental state."). Thus, there is no difference in the element of intent. See State v. Rush, 50 S.W.3d 424, 430 (Tenn. 2001) ("[A]n intent element which differs from the intent element of the charged offense only by one of these lower-hierarchy mental states is not actually treated as a differing element."). Additionally, as an act, "displaying or representing [a driver's license of another person ] as one's own" would seem to be wholly encompassed by the broad language of the identity theft statute "use[] . . . of a means of identification of another person." Accordingly, it is my conclusion that the trial court erred by failing to charge the jury on the lesser included offense of fraudulent use of a driver's license.

Next, in Allen, our high court concluded that when the trial court improperly fails to instruct on a lesser included offense, the harmless error inquiry is the same as for other constitutional errors: whether it appears beyond a reasonable doubt that the error did not affect the outcome of the trial. 69 S.W.3d at 191. In making this determination, "a reviewing court should conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." Id. In this case, while the evidence was sufficient to support the conviction, it was less than overwhelming. In the indictment, the defendant was charged with knowingly using the identification of another "to . . . avoid[] a court appearance." The

testimony of Officer Clark established that the defendant presented her with his father's driver's license and that she issued a citation in the name of his father. The citation, however, was for a moving violation, driving an unregistered vehicle, that permitted payment of a fine in lieu of a court appearance. There was no direct evidence of the defendant's motive in presenting his father's driver's license to the officer. Under these circumstances, where a court appearance was one of two options available to the defendant in handling the citation, I cannot conclude that the trial court's failure to charge fraudulent use of a driver's license did not affect the outcome of the trial. In consequence, I believe that the error would qualify as "plain," See Adkisson, 899 S.W.2d 641-42, and that the defendant is entitled to a new trial including an instruction on the lesser included offense of fraudulent use of a driver's license.

_____
GARY R. WADE, PRESIDING JUDGE