IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 4, 2004

## STATE OF TENNESSEE  v.  RONALD BOWMAN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 03-01525     Chris Craft, Judge**

**No. W2003-02389-CCA-R3-CD  -  Filed January 13, 2005**

Defendant, Ronald Bowman, was indicted for identity theft with the intent to avoid a court appearance. Defendant was convicted by a jury of the charged offense. Defendant was sentenced as a Range I standard offender to serve three years in the workhouse. In this appeal, Defendant argues that: (1) the trial court erred by not instructing the jury as to any lesser included offenses of identity theft; and (2) the evidence is insufficient to support his conviction. After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. GARY R. WADE, P.J., filed a dissenting opinion.

Robert Wilson Jones, District Public Defender; Garland Ergüden (on appeal), Assistant Public Defender; and Trent Hall (at trial), Assistant Public Defender, for the appellant, Ronald Bowman.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Pritchard, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

Officer Kim Clark of the Germantown Police Department testified that on May 11, 2002, at approximately 2:30 p.m., she stopped a 1984 Chevy Suburban after she ran the license plate and found that it was registered to a 1989 Ford van. Officer Clark approached the vehicle, and Defendant, who was the driver of the vehicle, identified himself as "William Bowman." Defendant explained that he had taken the license plate from a van and put it on the Suburban. Defendant provided Officer Clark with an address, date of birth, and a social security number. Officer Clark ran a check for any outstanding warrants, and it revealed that William Bowman was 72 years old. She asked Defendant if he was 72 years old, and he replied that he was. When Defendant stepped out of the vehicle, Officer Clark noticed that he walked slowly and that he bent over and leaned

against the vehicle. She wrote a citation for driving an unregistered vehicle using the identifying information that Defendant had given her. Defendant signed the citation "William Bowman."

Officer Clark said that if a person misses an assigned court date, a letter is sent to the person setting a new court date. If the person fails to show up on the second court date, Officer Clark said that a warrant is issued for the person's arrest.

On cross-examination, Officer Clark testified that when she ran the vehicle's license plate, she learned that it was registered to Ronald Bowman. Officer Clark did not question Defendant about that.

William Bowman, Sr., Defendant's father, testified that he received a letter from the Germantown City Court in June of 2002, stating that he had failed to appear in court on a citation and that a warrant would be issued for his arrest. Mr. Bowman went to the Germantown Police Department and explained to Officer Wheeler that he had not received a ticket. Mr. Bowman testified that he had not been pulled over on May 11, 2002, and that the signature on the citation was not his. He also testified that he did not own a Chevrolet Suburban. Mr. Bowman had bought a black Ford van and registered the van in Defendant's name. Mr. Bowman testified that he had never given his driver license to anyone to use. He testified that Defendant paid bills for him, and therefore, had access to his personal information. Defendant did not testify.

## Sufficiency of the Evidence

When evaluating the sufficiency of the evidence, we must determine whether "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Keough*, 18 S.W.3d 175, 180-81 (Tenn. 2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)). This Court must afford the prosecution the strongest legitimate view of the evidence in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Keough*, 18 S.W.3d at 181 (citing *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997)). Questions regarding the credibility of the witnesses, the weight to be given the evidence, and any factual issues raised by the evidence are resolved by the trier of fact. *Bland*, 958 S.W.2d at 659. This Court cannot substitute its inferences for those drawn by the jury. *Id*.

A guilty verdict removes the presumption of innocence and replaces it with one of guilt. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). On appeal, the defendant has the burden of proving that the evidence at trial was insufficient to convict. *Id*.

Identity theft is defined as knowingly transferring or using, without lawful authority, a means of identification of another person with the intent to commit any unlawful activity. Tenn. Code Ann. § 39-14-150(a). On appeal, Defendant concedes that he used his father's identity, but Defendant argues that the record does not contain any proof that he intended to commit any unlawful activity. The State argues that the jury could infer from the evidence that Defendant intended to avoid a court

appearance, in violation of Tenn. Code Ann. § 39-16-609, which makes it "unlawful for any person to knowingly fail to appear as directed by a lawful authority if the person has been lawfully issued a citation in lieu of arrest." Tenn. Code Ann. § 39-16-609(a)(1).

There was proof at trial that Defendant signed his father's name on the citation, which was issued to "William Bowman." The citation, which was admitted as an exhibit at trial, specifies a court date. Defendant's father, William Bowman, testified that he received a letter from the Germantown City Court, stating that he had failed to appear for a court date. Viewed in the light most favorable to the State, we conclude that the evidence supports the inference that Defendant used his father's identity in order to avoid a court appearance.

**Lesser Included Offenses**

The indictment charged Defendant with knowingly using a means of identification, that being William Bowman's Tennessee driver license, with the intent to avoid a court appearance. *See* Tenn. Code Ann. § 39-14-450. Defendant argues that the trial court erred by not instructing the jury as to any lesser included offenses. Specifically, Defendant argues that the trial court should have instructed the jury on the offenses of misdemeanor theft of property, criminal impersonation, and fraudulent use of another's driver license.

Defendant did not raise the trial court's failure to instruct the jury on lesser included offenses in his motion for new trial. Generally, a defendant waives an issue if he fails to include it in his motion for new trial. Tenn. R. App. P. 3(e). Since we have determined that the proposed lesser included offenses are not lesser included offenses of identity theft, however, we will address the issue on the merits.

The State argues that Defendant has waived the issue by not filing a written request for the jury instructions pursuant to Tennessee Code Annotated section 40-18-110. That statute provides,

> [W]hen the defendant fails to request the instruction of a lesser included offense as required by this section, such instruction is waived. Absent a written request, the failure of a trial judge to instruct the jury on a lesser included offense may not be presented as a ground for relief either in a motion for new trial or on appeal.

Tenn. Code Ann. § 40-18-110(c).

At trial, defense counsel made an oral request that the trial court instruct the jury as to the lesser included offense of criminal impersonation. The trial court concluded that the offense of criminal impersonation contains elements that are not included in the offense of identity theft. The trial court also directed defense counsel to file a written motion on the following day to preserve the issue. Due to a severe storm in Memphis prior to the trial, the court wanted to complete the trial before the next day, and gave Defendant's counsel the latitude to file a written request late. From the record, it appears that Defendant did not submit any written request for instructions prior to the

trial court's charge to the jury. Also, there is no late filed written request for jury instructions on any lesser included offenses.

The legislature amended Tennessee Code Annotated section 40-18-110, effective January 1, 2002, providing for a waiver of a lesser included offense instruction if not requested in writing by the defendant. We are aware that a panel of this Court, with one member dissenting, has held that "the waiver provision of Tennessee Code Annotated section 40-18-110 is an unconstitutional abrogation of a criminal defendant's right to have the jury charged on all offenses included within the indicted offense and supported by the proof adduced at trial." *State v. Robert Page*, No. W2003-01342-CCA-R3-CD, slip op. 15-16 (Tenn. Crim. App., Jackson, August 26, 2004), *perm. to appeal requested*. However, we need not address that constitutional issue directly here because we conclude that none of Defendant's proposed lesser included offenses are lesser included offenses of identity theft as defined in *State v. Burns*, 6 S.W.3d 453 (Tenn. 1999).

There are no Tennessee appellate decisions regarding the issue of what offenses, if any, are included in the offense of identity theft. In *Burns*, our supreme court established the test for determining whether an offense is a lesser included offense. The court stated:

An offense is a lesser included offense if:

(a) all of its statutory elements are included within the statutory elements of the offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

(1) a different mental state indicating a lesser kind of culpability; and/or
(2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

(1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
(2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
(3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

*Burns*, 6 S.W.3d at 466-67.

Obviously, none of Defendant's proposed lesser included offenses constitute facilitation of, attempt to commit, or solicitation of identity theft. Also, each proposed lesser included offense

-4-

contains an element or elements not included in the crime of identity theft. Therefore, if one or more of the offenses is a lesser included offense of identity theft, each offense must meet the criteria set forth in the *Burns* part (b) test.

The elements of identity theft include: (1) knowingly transferring or using; (2) without lawful authority; (3) a means of identification of another person; (4) with the intent to commit, or otherwise promote, carry on, or facilitate any unlawful activity. Tenn. Code Ann. § 39-14-150(a). Identity theft is a Class D felony. *Id.* § 39-14-150(c). A "'means of identification' means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual including . . . name, social security number, date of birth, official state or government issued driver license or identification number, alien registration number, passport number, [or] employer or taxpayer identification number . . . ." *Id.* § 39-14-150(b)(1).

The offenses of misdemeanor theft and identity theft require the same mental state, knowingly. Misdemeanor theft, however, requires proof of the following elements which are not included within the elements of the offense of identity theft: (1) a value of property (tangible or intangible) of $500.00 or less; (2) that the property was obtained from another person or is property over which the defendant has exercised control; and (3) that the property was obtained without the owner's consent. Misdemeanor theft is thus not a *Burns* part (a) lesser included offense of identity theft.

Because the elements of misdemeanor theft which vary from the elements of identity theft do not indicate a different mental state, the defendant must show that the differing elements satisfy part (b)(2) of the *Burns* test. *State v. Rush*, 50 S.W.3d 424, 430 (Tenn. 2001). The victim of misdemeanor theft is the "owner" of the property. While the person whose "means of identification" has been unlawfully used when identity theft occurs can suffer harm or risk of harm, the actual "victim" of identity theft is the person or entity to whom the unlawful activity is directed. A person's "means of identification" can be unlawfully used or transferred to commit *any* "unlawful activity," and that person may never even know about the criminal conduct, much less be a "victim" of the conduct. Therefore, the different elements of misdemeanor theft do not establish a less serious harm or risk of harm to the *same* person, property, or public interest under part (b)(2) of the *Burns* test.

As relevant here, the elements of the offense of fraudulent use of a driver license includes (1) the *display* or *representation* as one's own; (2) of any driver license not issued to the defendant. Tenn. Code Ann. § 55-50-601(3). While an identity theft offense requires the defendant to act "knowingly," either "intentional," " knowingly," or "recklessly" may suffice as a mental state for the offense of fraudulent use of a credit card. *See id.* 39-11-301(c). "Because lesser levels of the statutory hierarchy of mental states (intentional, knowing, reckless, and criminally negligent) are included within the greater levels pursuant to Tennessee Code Annotated section 39-11-301(a)(2)(2000)[, however,] an intent element which differs from the intent element of the charged offense only by one of these lower-hierarchy mental states is not actually treated as a differing element." *Rush*, 50 S.W.3d at 430.

In order to convict a defendant of the offense of fraudulent use of a driver license, the State must show proof of the display of or a representation of a driver license, an element not required for identity theft. While the "means of identification" element of identity theft may include the use or transfer of a driver license, it is not so *required*. *Id*. § 39-14-150(b). One can thus commit the offense of "identity theft" without committing the offense of "fraudulent use of a driver license." Accordingly, the offense of fraudulent use of a driver license is not a *Burns* part (a) lesser included offense.

The differing element in this instance also does not indicate a different mental state. Thus, in order to constitute a lesser included offense under part (b)(2) of the *Burns* test, the element requiring proof of the display or representation of a driver license belonging to another must indicate a less serious harm or risk of harm to the *same* person, property, or public interest.

Again, the offenses of fraudulent use of a driver license and identity theft may overlap with the same "victim" on occasion, but do not necessarily do so. For example, the driver license triggering a charge of fraudulent use of a driver license may be a forged or self-manufactured document and not an actual driver license of a living individual who may resemble the defendant's physical characteristics. Accordingly, fraudulent use of a driver license is not a lesser included offense of identity theft under part (b) of the *Burns* test.

The offense of criminal impersonation also requires proof of elements not required to prove identity theft. Tenn. Code Ann. section 39-16-301(a) provides that "[a] person commits criminal impersonation who, with intent to injure or defraud another person, assumes a false identity." One, however, can commit identity theft without intending to injure or defraud *any* person. The offense of identity theft is directed toward prohibiting certain conduct which can be used to commit another crime. In other words, identity theft requires proof of an intent to commit, promote, carry on, or facilitate *any* unlawful activity, such as possession of schedule II drugs, arson, or burglary, among other offenses. *See id*. §§ 39-17-417; 39-14-301(a)(1); 39-14-402. Identity theft prohibits, as a separate offense, a particular method of committing crimes. For instance, a defendant who gains access to an office building where he otherwise would not be allowed to enter could be convicted of identity theft with the intent to facilitate the commission of theft or burglary and also be convicted of the underlying offenses of theft or burglary. *See State v. Tracy Barr*, No. M2000-01502-CCA-R3-CD, 2001 WL 767006 (Tenn. Crim. App., Nashville, July 10, 2001), *perm. to appeal denied* (Tenn. 2001) (Defendant charged and pled guilty to one count of theft of property of more than $500.00 and one count of identity theft arising out of the same episode).

Accordingly, criminal impersonation is not a part (b) lesser included offense of identity theft. The differing element – intent to defraud or injure another person – does not establish a lesser culpability or indicate a less severe harm or risk of harm than the intent to commit, facilitate, carry on, or promote "any unlawful activity" which includes property crimes, *see* Tenn. Code Ann. § 39-14-103, and crimes against the administration of the government, *see* Tenn. Code Ann. § 39-16-609, as well as other crimes in the Code.

Based on the foregoing, we conclude that misdemeanor theft, fraudulent use of a driver license, and criminal impersonation are not lesser included offenses of identity theft under the guidelines set forth in *Burns*. The trial court accordingly did not err in declining to instruct the jury on these offenses. Defendant is not entitled to relief on this issue.

## CONCLUSION

After review of this matter, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE