# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 21, 2004 Session

## STATE OF TENNESSEE v. VICK R. NICHOLS, JR.

**Appeal from the Circuit Court for Lewis County**
**No. 6393      Robert E. Lee Davies, Judge**

---

### No. M2003-02001-CCA-R3-CD - Filed February 4, 2005

---

The Appellant, Vick R. Nichols, Jr., appeals his convictions by a Lewis County jury finding him guilty of two counts of felony reckless endangerment as lesser included offenses of the indicted charges of aggravated assault. Following a sentencing hearing, Nichols was granted judicial diversion.  On appeal, Nichols raises five issues for our review: (1) whether felony reckless endangerment is a lesser included offense of aggravated assault; (2) whether the trial court violated Tenn. R. Crim. P. 30(c) by failing to reduce supplemental jury instructions to writing; (3) whether the trial court properly declined to instruct the jury with regard to certain hunting rules and regulations contained in Title 70, Tennessee Code Annotated; (4) whether the trial court erred by refusing to instruct the defense of third parties; and (5) whether the evidence was sufficient to support the verdicts.  The State concedes that felony reckless endangerment is not a lesser included offense of aggravated assault as indicted.  We agree.  Notwithstanding reversible error, we conclude that no appeal of right, as provided by Rule 3, Tenn. R. App. P., lies, as the Appellant was granted judicial diversion and no judgment of conviction has been entered.  Accordingly, the appeal is dismissed.

#### Tenn. R. App. P. 3; Appeal Dismissed

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Matt Q. Bastain, Columbia, Tennessee, Attorney for the Appellant, Vick R. Nichols, Jr.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kathy Denise Aslinger, Assistant Attorney General; Jeffrey L. Long, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

## Factual Background

On March 9, 2002, Robert Ashworth, Boyd Frazier, Scottie Simmons, Billy Cripps, and Joe Turner participated in a competition racoon hunt in Lewis County. On this night, teams from various hunting clubs were competing throughout the county. The group had obtained permission to hunt on a farm located approximately one mile from the house owned by the Appellant's parents. After the hunters released their dogs, several of the dogs crossed onto adjoining land. Frazier and Ashworth returned to their truck and drove along Trace Creek Road where they were able to detect the sounds of the dogs from the road. They determined that the dogs were in an area several hundred yards behind the Appellant's house located on Trace Creek Road. Ashworth and Frazier parked the truck across the road and just past the Appellant's house. Both got out of the truck and walked down the road in the opposite direction of the house, discussing the best approach to the dogs.

Ashworth and Frazier decided that the dogs could be reached more easily from another direction because of the undergrowth of vegetation and turned back to the truck, when the Appellant, brandishing a weapon, suddenly appeared. Pointing his rifle at Frazier, he shouted, "You're got ten seconds to get off my property or I'm going to shoot you." Then he said, "Ten, nine, three, one and just started firing." Ashworth and Frazier testified that one shot was fired in the direction of each of them, but neither was hit. Ashworth further testified that before being shot at, they attempted to explain to the Appellant they were part of a club hunt, and they were just trying to get their dogs. Both Ashworth and Frazier testified that they never left the roadway.[1] Immediately upon leaving the area, Ashworth drove to "city hall" and reported the incident to the authorities. Unaware of what had just taken place, Simmons, Turner, and Cripps drove past the Appellant's home, and upon hearing the dogs, parked on the side of the road. While the three were standing in the road, the Appellant, armed with a rifle, appeared and ordered them to leave, stating that he had "done shot at the other truck and I'm fixing to shoot ya'll."

On October 7, 2002, the Appellant was indicted by a Lewis County grand jury on five counts of aggravated assault by use or display of a deadly weapon. Trial began on March 6, 2003. After the close of the State's proof, the trial court found the evidence had failed to establish use or display of a weapon in the alleged assault of Simmons, Turner, and Cripps. Accordingly, the trial court entered a judgment of acquittal with regard to aggravated assault. In counts three, four, and five, the court instructed the jury only on misdemeanor reckless endangerment and simple assault. With regard to the aggravated assault of Frazier and Ashworth, counts one and two, the court instructed the jury on aggravated assault, felony reckless endangerment, misdemeanor reckless endangerment,

---

[1] This fact was materially contested at trial by the testimony of the Appellant, his sister, and the Appellant's mother who were in the house that night. These witnesses collectively testified that Ashworth and Frazier were in their yard, within five to ten feet from their house, at times spotlighting the bedrooms, and at times hiding behind a large cedar tree in the yard. The Appellant defended at trial upon a theory of self-defense, protection of third person's property, and generally that he never fired his gun at anyone.

and simple assault. The jury found the Appellant guilty of felony reckless endangerment in counts one and two and acquitted the Appellant of the remaining three counts.

After considering the Appellant's motion for diversion and the evidence presented at the sentencing hearing, the trial court granted the requested judicial diversion subject to the successful completion of one year of probation. The Appellant's motion for new trial was denied, with this Rule 3 appeal following.

**Analysis**

Preliminary to our review of the merits of the Appellant's assigned issues, we first address the State's motion to dismiss which asserts that the appeal is not properly before this court. After briefing by the parties was completed in this case, the State filed a motion to dismiss upon grounds that this court was without jurisdiction to hear this appeal as of right. An appeal as of right only exists from a final judgment. *See* Advisory Comm'n Comments, Tenn. R. App. P. 3. The State contends under the authority of *State v. Norris*, 47 S.W.3d 457, 461-63 (Tenn. Crim. App. 2000) that because the Appellant was granted judicial diversion and has since successfully completed his one-year period of probation, no adjudication of guilt has been made and no judgment of conviction has been entered.

In *Norris*, this court, following a thorough analysis of this issue concluded that an Appellant has no appeal as of right under Rule 3(c), Tennessee Rules of Appellate Procedure, when granted judicial diversion.[2] *Id.* at 462. As observed in *Norris*, no disharmony nor unfairness results from this rule because "a trial court may not impose judicial diversion except with the defendant's consent." *Id.* (citing Tenn. Code Ann. § 40-35-313(a)(1)(A) (1997)). "As a practical matter, a trial court rarely if ever grants judicial diversion until a defendant has literally begged for it." *Norris*, 47 S.W.3d at 462. Thus, while the choice to accept judicial diversion may jeopardize a defendant's opportunity to raise a legal issue, the *quid pro quo* is that the defendant who accepts diversion can emerge from the process without a conviction. *Id.*

It is clear from the record that the Appellant both sought and consented to the grant of judicial diversion in this case. Prior to the sentencing hearing, the Appellant filed a motion for "Probation and Post-conviction Diversion." At the sentencing hearing, the Appellant strenuously argued that "[p]eople like [the Appellant] are the reason the diversion statutes exist to begin with . . . I think the court can do justice both ways, to the State and to the defense, by a grant of diversion." Additionally, although the trial court improperly entered judgments of conviction with respect to each jury verdict, the judgment forms clearly state that the Appellant's sentences were being diverted subject to enumerated probationary conditions.

---

[2]Under the provisions of the judicial diversion statute, if the defendant does not violate any of the conditions of probation, the court shall dismiss the proceedings without an adjudication of guilt. Tenn. Code Ann. § 40-35-313(a)(2).

In response to the State's motion to dismiss, the Appellant urges this court to treat his Rule 3 appeal as of right as a Rule 10 extraordinary appeal in order to review the lesser included jury instruction error which the State concedes is reversible error. In *Norris*, this court acknowledged that an improperly filed Rule 3 appeal may be treated as a Rule 10 extraordinary appeal. 47 S.W.3d at 463 (citing *State v. Leath*, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998)). Tennessee Rule of Appellate Procedure 10(a) provides that an extraordinary appeal may be sought "if the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review, or . . . if necessary for complete determination of the action on appeal. . . ."

We conclude, as did the court in *Norris*, that the Appellant does not present a compelling case for the granting of a Rule 10 appeal. The submission of an erroneous jury instruction does not generally meet the requirement "that the lower court has so far departed from the accepted and usual course of judicial proceedings as to require immediate review." The claim before us is not that the trial court was acting without authority, rather that the trial court erred in the exercise of its authority. The grant of judicial diversion by the trial court to a defendant who both requests and consents to diversion is clearly authorized. Indeed, a defendant has the option of declining judicial diversion. *State v. Adrian Lumpkin,* No. W2002-00648-CCA-R3-CD (Tenn. Crim. App. at Jackson, Nov. 27, 2003). Accordingly, we conclude that the Appellant's consent to judicial diversion, as opposed to pursuing an appeal from judgments of conviction, pretermits any review of the issues raised on appeal.[3]

The State concedes, and we agree, that the trial court committed reversible error by instructing the jury that reckless endangerment is a lesser included offense of aggravated assault, when committed by intentionally or knowingly causing another to reasonably fear imminent bodily injury by use or display of a deadly weapon. *See State v. Moore*, 77 S.W.3d 132, 136 (Tenn. 2002). It is fundamental that an accused may be convicted only of an offense charged in the indictment or of an offense that is a lesser included offense of that charge. *State v. Rush*, 50 S.W.3d 424, 427-28 (Tenn. 2001). To do otherwise, violates the defendant's constitutional rights. *Id.* at 427. Nonetheless, because the error is constitutional as opposed to jurisdictional, it is subject to waiver.

In *State v. Yoreck*, our supreme court reiterated the rule that a "defendant who enters a plea of guilty waives all nonjurisdictional defects and constitutional infirmities."[4] 133 S.W.3d 606, 612

---

[3] This court in *Lumpkin* acknowledged that a defendant may challenge via a Rule 10 appeal (1) the conditions attached to a grant of judicial diversion or (2) after a trial, raise an issue on appeal in the event of a revocation of the diversion program. *Lumpkin*, No. W2002-00648-CCA-R3-CD.

[4] In contrast, jurisdictional defects may be challenged at any time. *State v. Nixon*, 977 S.W.2d 119, 120 (Tenn. Crim. App. 1997). "Lack of jurisdiction" refers to subject matter jurisdiction which a defendant has no power to waive. *Id.* at 120-121 (citing *Pon v. U. S.*, 168 F.2d 373, 374 (1948) (interpreting Rule 12 of Fed. R. Crim. P., which is virtually identical to our Rule 12)). Subject matter jurisdiction is the power of the court to hear and decide a particular type of action. In the present case, it is undisputed that the Lewis County Circuit Court had exclusive original jurisdiction of the criminal offenses.

(Tenn. 2004) citing *State v. McKinney*, 74 S.W.3d 291, 306 (Tenn. 2002); *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1990)).  The court found that it was not error to allow defendants to plead guilty to crimes which were not lesser included offenses of the original indicted offense.  *Id*.  Similarly, we conclude that the Appellant's consent to diversion permitting expungement of his adjudications of guilt waives all non-jurisdictional defects, including that of permitting the jury to convict on an offense for which he was never charged.  Because the appeal is not properly before this court, the State's motion to dismiss is granted.

## CONCLUSION

Because we find that no Rule 3 appeal lies in this case and that the case is not proper for Rule 10 extraordinary relief, the appeal is dismissed.

_____
DAVID G. HAYES, JUDGE