# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 26, 2004

## STATE OF TENNESSEE v. BRANDON PATRICK

### Appeal from the Circuit Court for Blount County
### Nos. C-13601, C-13602, C-13603  D. Kelley Thomas, Jr., Judge

---

### No. E2003-02382-CCA-R3-CD - Filed March 8, 2005

---

The defendant, Brandon Patrick, was convicted of one count of violation of the Habitual Motor Vehicle Offenders Act, one count of felony evading arrest with risk of death, and two counts of felony reckless endangerment. The trial court later merged the two counts of reckless endangerment into one count. The trial court held a sentencing hearing on November 7, 2002. The defendant received the maximum sentences as a career offender of six (6) years for violation of the Habitual Motor Vehicle Offender Act, twelve (12) years for Class D felony evading arrest with the risk of death, and six (6) years for reckless endangerment with a deadly weapon. The trial court ordered the defendant to serve the six-year sentences for violation of the Habitual Motor Vehicle Offender Act and the reckless endangerment sentence concurrently. The trial court then ordered that the six (6) year sentences be served consecutively to the twelve (12) year sentence for Class D felony evading arrest for an effective sentence of eighteen (18) years as a career offender to be served in the Department of Correction. On appeal, the defendant argues: (1) that the evidence was legally insufficient to support a verdict of guilty; (2) his dual convictions for Class D felony evading arrest and felony reckless endangerment violated the principles of double jeopardy; (3) the trial court erred by failing to instruct the jury on applicable lesser-included offenses; and (4) the trial court erred in imposing consecutive sentences. We conclude: (1) that the evidence was sufficient to support his convictions; (2) the dual convictions for Class D felony evading arrest and felony reckless endangerment violate principles of double jeopardy and must be merged; (3) it was harmless error beyond a reasonable doubt when the trial court failed to instruct on the lesser-included offenses; and (4) consecutive sentencing was proper in the defendant's case. We reverse and remand the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

Steve McEwen, Mountain City, Tennessee, (on appeal); and Mack Garner, District Public Defender, Maryville, Tennessee, (at trial), for the appellant, Brandon Patrick.

Paul G. Summers, Attorney General & Reporter; Seth P. Kestner, Assistant Attorney General; Mike Flynn, District Attorney General, and Rocky Young, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On the night of July 28, 2001, Ms. Jada Alvarez and the defendant were driving to a friend's house outside of Alcoa. The defendant was driving Ms. Alvarez's maroon Nissan. When they arrived at the friend's house, the defendant received a phone call and the couple returned to Alcoa where an individual was repairing the defendant's car at a home in Alcoa. About 9:15 p.m., Officer David Carswell witnessed a maroon Nissan traveling at 78 miles per hour pass by him on Alcoa Highway. He activated his blue lights, radioed for backup, and began to pursue the vehicle. When Officer Carswell began to pursue the maroon Nissan, the Nissan sped up to an estimated speed of 100 miles per hour. Officer Darren Gallow responded to Officer Carswell's call. Officer Gallow was able to catch up to the maroon Nissan and was between Officer Carswell and the vehicle. Officer Gallow followed the maroon Nissan onto Newcomen Street where the vehicle came to a stop. The driver of the Nissan jumped out of the driver's side and ran. Officer Gallow saw the driver briefly as he jumped out of the vehicle, but before the driver ran away from the vehicle. Officer Gallow recognized the individual as the defendant. Officer Carswell arrived immediately afterward. Ms. Alvarez exited the passenger side of the car and said that the defendant had been driving the car. She also said that she begged him to stop the car.

Officer Robert Petty of the Maryville Police Department was not on duty the night of July 28, 2001. Officer Petty was at the home of his great aunt on Newcomen Street. He first saw the defendant that day between 3:30 p.m. and 4:00 p.m. Officer Petty also saw the defendant with Ms. Alvarez at dusk. The defendant's car was in Officer Petty's great aunt's driveway because a man was repairing the car there. The man repairing the car made a phone call to tell the owner of the car to bring the keys to the car. This phone call occurred twenty (20) to thirty (30) minutes before Officer Petty heard sirens and saw a maroon Nissan come up the street and stop. Officer Petty was sitting on his great aunt's porch about twenty (20) feet from the Nissan. He then saw the defendant jump out of the driver's side of the car.

Based on this proof, the defendant was convicted and sentenced as previously noted.

## ANALYSIS

The defendant argues four issues on appeal: (1) whether the evidence was legally sufficient to support a verdict of guilty; (2) whether the defendant's dual convictions for Class D Felony evading arrest and felony reckless endangerment violated the principles of double jeopardy; (3) whether the trial court erred by failing to instruct the jury on applicable lesser-included offenses; and (4) whether the trial court erred in imposing consecutive sentences.

## Sufficiency of the Evidence

The defendant argues that the evidence is legally insufficient to support his convictions. When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Matthews, 805 S.W.2d at 779.

The defendant's sufficiency of the evidence argument is based upon the fact that the only identifications of the defendant as the driver were made by Officers Gallow and Petty and the testimony of Jada Alvarez that the defendant was the driver of the maroon Nissan. The defendant asserts that the witnesses that he presented at trial outweigh the identifications made by the officers and Ms. Alvarez's testimony that the defendant was driving the car.

The defendant's witnesses were the defendant's fiancee and his friends. The defendant's fiancee, Tanyetta Johnson, testified that the defendant was with her at her house almost the entire day and night on July 28, 2001. They were having people over to grill out when she received a phone call around 9:00 p.m. to tell the defendant that the police were looking for him. Ms. Johnson stated that the defendant's cousin picked him up, but the defendant and his cousin returned about ten (10) minutes later. The defendant's cousin, Jason Sudderth, testified that he went to Ms. Johnson's

house to pick-up the defendant. They left Ms. Johnson's house, were gone about twenty (20) minutes and returned around 10:00 p.m.

A friend of the defendant, Ernest Newton, testified that he went to Newcomen Street sometime between 6:30 p.m. and 7:00 p.m. A man was fixing the defendant's vehicle at a house on Newcomen Street. He saw the defendant and the defendant's girlfriend pull up in a white car around 7:30 p.m. The defendant left and did not return. Mr. Newton saw a maroon Nissan stop while being chased by the police. Mr. Newton was unable to identify the driver of the vehicle because it was dark and a row of bushes was blocking his line of vision. Anthony Lenoir also testified on behalf of the defendant. He is a friend of the defendant and is a cousin of Officer Petty who testified on behalf of the State. Mr. Lenoir stated that he saw the defendant between 7:00 p.m. and 7:30 p.m. in front of his house on Newcomen Street. He saw the subject vehicle stop while being chased by the police. He could not identify the driver who fled because it was dark and "it was like a blur."

Questions regarding the credibility of the witnesses, the weight and value of the evidence, and any factual issues raised by the evidence are resolved by the trier of fact. State v. Davidson, 121 S.W.3d 600, 614 (Tenn. 2003). It is obvious that the jury believed the testimony of the State's witnesses and Ms. Alvarez when determining the defendant's guilt. When viewing the evidence in a light most favorable to the State, we conclude that a reasonable trier of fact could find the defendant guilty based upon the evidence presented at trial.

The defendant also argues that there was insufficient evidence to support his conviction for felony evading arrest. Class D felony evading arrest is found at Tennessee Code Annotated section 39-16-603. This statute states:

> (b)(1) It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop.
> . . . .
> (3) A violation of subsection (b) is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony.

Tenn. Code Ann. § 39-16-603(b). The defendant specifically argues that even though there was evidence that there were other motorists on the highway, there was no proof introduced that a risk of death or injury to these parties was created by the defendant's driving while trying to elude the police officers.

When viewing the evidence in a light most favorable to the State, we find that the evidence is sufficient to support the defendant's conviction for Class D felony evading arrest. The defendant was driving at an estimated speed of 100 miles an hour. There was testimony that there were other

cars on the road. There was also testimony that on Newcomen Street there were several people outside and cars lining both sides of the street. Moreover, Ms. Alvarez was a passenger in the car and had to beg the defendant to stop the car. These are inherently dangerous conditions created by the defendant from which a jury could conclude there was a risk of death or injury to a number of third parties.

This issue is without merit.

## **Double Jeopardy**

The defendant argues that his convictions for Class D felony evading arrest and felony reckless endangerment violate the principles of due process because both offenses were established by a high-speed flight from officers, the charging instrument and proof centered on drivers and pedestrians generally in the vicinity, and the chase was of a continuous nature. The defendant cites an unpublished opinion of this Court, State v. Jimmy Lee Cullop, Jr., No. E2000-00095-CCA-R3-CD, 2001 WL 378543 (Tenn. Crim. App. at Knoxville, April 17, 2001), to support his argument.

This issue has not been raised by the defendant prior to this appeal. When an issue is raised for the first time on appeal, it is typically waived. State v. Alvarado, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996). However, we may address the issue in the event there was plain error on the part of the trial court. State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000). Therefore, we must first determine if this issue may be addressed as plain error. In order to review an issue under the plain error doctrine, five factors must be present: (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the defendant must have been adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is necessary to do substantial justice. See Smith, 24 S.W.3d at 282-83; State v. Adkisson, 899 S.W.2d 626, 641 (Tenn. Crim. App. 1994); see also Tenn. R. Crim. P. 52(b). To determine whether this issue meets all five factors under Adkisson, we must determine whether the defendant's convictions for both Class D felony evading arrest and felony reckless endangerment do indeed violate the principles of double jeopardy and, therefore, have adversely affected a substantial right of the defendant.

To determine whether multiple convictions are permitted, this Court must: (1) conduct an analysis of the statutory offenses pursuant to Blockburger v. United States, 284 U.S. 299 (1932); (2) analyze the evidence used to prove the offenses; (3) consider whether there were multiple victims or discrete acts; and (4) compare the purposes of the respective statutes. State v. Denton, 938 S.W.2d 373, 381 (Tenn. 1996). The defendant relies upon State v. Jimmy Lee Cullop, Jr., No. E2000-00095-CCA-R3-CD, 2001 WL 378543 (Tenn. Crim. App. at Knoxville, April 17, 2001), to support his argument that his convictions for Class D felony evading arrest and felony reckless endangerment constitute double jeopardy. In Jimmy Lee Cullop, we stated the following:

We begin with the Blockburger inquiry, Class E felony reckless endangerment is "recklessly engag[ing] in conduct which places or may place another person in imminent danger of death or serious bodily injury . . . committed with a deadly weapon." Tenn. Code Ann. § 39-13-103 (1997). Class D felony evading arrest is committed while "operating a motor vehicle on any street, road, alley or highway in this state, [and] intentionally flee[ing] or attempt[ing] to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop . . . [and] the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties. . . ." Tenn. Code Ann. § 39-16-603(b) (1997). Reckless endangerment requires a deadly weapon, while evading arrest requires a motor vehicle. Moreover, evading arrest requires flight or an attempt to elude a law enforcement officer upon a signal to stop. Thus, there is not an identity of elements, and the offenses pass Blockburger scrutiny.

> There is authority for the proposition that a motor vehicle may be considered a deadly weapon. See, e.g., State v. Tate, 912 S.W.2d 785, 787 (Tenn. Crim. App. 1995). However, "An automobile is not, under all circumstances, a deadly weapon; the method of use is the controlling factor that must be examined on a case-by-case basis." State v. Brandon Patrick, No. 03C01-9710-CC-00548, slip. op. at 4 (Tenn. Crim. App., Knoxville, Feb. 19, 1999).

Next we consider the evidence that the state used to prove the offenses. Both offenses were established by proof of the same course of conduct- the defendant's high-speed flight from Trooper Mooneyham, during which he exhibited erratic driving that endangered other drivers.

Third, we note that there were not multiple victims or multiple episodes. While there was evidence that there were multiple other drivers on the road, the charging instrument and the proof centered on others generally, as opposed to specific, different individuals who were placed at risk by the defendant's conduct. Further, the chase was one continuous episode of criminal conduct, rather than discrete acts which are readily capable of separation into multiple offenses. See State v. Ramsey, 903 S.W.2d 709, 713 (Tenn. Crim. App. 1995) (typically, only one offense arises from the continuous operation of a motor vehicle constituting reckless endangerment).

Finally, the purposes of the reckless endangerment and felony evading arrest statutes are the same. Both seek to deter reckless conduct which creates a risk of death or injury to third parties. Cf. State v. Kerry D. Garfinkle, No. 01C01-9611-CC-00484, slip. op. at 8 (Tenn. Crim. App., Nashville, Nov. 7, 1997) (purposes of felony evading arrest and reckless driving statutes are the same in that both punish those whose reckless driving creates a risk of death or injury to third persons).

Upon consideration of these factors, we conclude that if the defendant was convicted of the Class D version of felony evading arrest, double jeopardy bars dual convictions of this offense and felony reckless endangerment. Cf. State v. Jason Eric Bradburn, No. 01C01-9712-CC-00568, slip.

op. at 11-12 (Tenn. Crim. App., Nashville, Aug. 19, 1999) (double jeopardy bars dual convictions of Class D evading arrest and reckless driving); <u>Kerry Garfinkle</u>, slip. op. at 8-9 (same). . . . <u>Jimmy Lee Cullop</u>, 2001 WL 378543, at *6-7.

The facts of the case <u>sub judice</u> are identical to that of <u>Cullop</u>. Therefore, the same analysis would apply. The offenses in question are the same as in <u>Cullop</u>. We can safely conclude, as we concluded above, that the offenses would pass the <u>Blockburger</u> test. Next, we turn to the evidence that the State used to prove the offenses. As in <u>Cullop</u>, the State established the offenses through evidence of the defendant's high-speed flight from police officers which ended on Newcomen Street. The defendant drove at very high rates of speed, drove erratically, and endangered the lives of others.

The third factor is whether there were multiple victims or discrete acts. As in <u>Cullop</u>, we determine that there were not multiple victims or multiple acts. At the defendant's trial, there was evidence of other drivers on the road, and there was evidence of many bystanders on Newcomen Street. The charging instruments, as in <u>Cullop</u>, did not allege specific individuals who were at risk due to the defendant's behavior. The charging instrument for felony evading arrest alleges "a risk of death or injury to innocent bystanders or other third parties." The charging instrument for reckless endangerment alleges that the defendant "placed pedestrians in imminent danger of death or serious bodily injury." These pedestrians that were potential victims for purposes of reckless endangerment would also be included as the innocent bystanders or other third parties that were potential victims for felony evading arrest. Also, the chase was "one continuous episode of criminal conduct" as in <u>Cullop</u>.

The fourth factor is whether the purposes are the same for the two statutes. In <u>Cullop</u>, we decided that the purposes for Class D felony evading arrest and felony reckless endangerment are indeed the same.

After considering these four factors, we conclude that the analysis we applied in <u>Cullop</u> is the analysis that applies in the case <u>sub judice</u>. Therefore, we find that the defendant's convictions for Class E felony reckless endangerment and Class D felony evading arrest violate the defendant's rights against double jeopardy.

After reviewing this issue in light of the above five factors, it is clear that this issue should be reviewed as plain error. First, the record clearly establishes what occurred in the trial court. Second, a clear and unequivocal rule of law has been breached. It is well-established that a defendant may not be convicted for two separate crimes based upon the same evidence in certain circumstances. Third, a substantial right of the defendant has been adversely affected, the defendant has been punished twice for the same conduct. Fourth, the defendant did not waive this issue for tactical reasons. This issue was not raised in his motion for new trial. However, there was a great deal of confusion concerning the defendant's representation following his trial. His initial motion for new trial was filed <u>pro se</u>. He was then represented by the Public Defender's office, but the notice of appeal had already been filed and this Court had to transfer jurisdiction back to the trial

court after the correct motions were filed on behalf of the defendant. A new motion for new trial was filed, but the double jeopardy issue was still not included. Clearly, there was nothing tactical in this scenario. Finally, this issue must be addressed to do substantial justice. The defendant has been denied a right guaranteed by the United States and Tennessee Constitutions and even though as discussed infra, the remedy in this situation will not reduce the defendant's effective sentence, it does result in the removal of a felony conviction from his record. Therefore, the reckless endangerment conviction is merged into the conviction for Class D felony evading arrest.

### Lesser-Included Offenses

The defendant also argues that the trial court erred when it did not instruct the jury on Class E felony evading arrest and reckless driving as lesser-included offenses of Class D felony evading arrest. The defendant included a lesser-included offense issue in his motion for new trial. However, his motion does not include either Class E felony evading arrest or reckless driving as offenses that should have been included in the jury instructions.

This issue was not included in the defendant's motion for new trial. Once again, we must determine whether there was plain error so that this issue is not subject to waiver. As noted earlier, five factors must be present: (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the defendant must have been adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is necessary to do substantial justice. See Smith, 24 S.W.3d at 282-83; Adkisson, 899 S.W.2d at 641; see also Tenn. R. Crim. P. 52(b).

When reviewing a trial court's failure to instruct on lesser-included offenses, it is a mixed question of law and fact. State v. Marcum, 109 S.W.3d 300, 302 (Tenn. 2003) (citing State v. Rush, 50 S.W.3d 424, 427 (Tenn. 2001)). Therefore, we review such questions de novo, with no presumption of correctness. Id.

Tennessee Code Annotated section 40-18-110(a) states:

> (a) When requested by a party in writing prior to the trial judge's instructions to the jury in a criminal case, the trial judge shall instruct the jury as to the law of each offense specifically identified in the request that is a lesser included offense of the offense charged in the indictment or presentment. However, the trial judge shall not instruct the jury as to any such offense unless the judge determines that the record contains any evidence which reasonable minds could accept as to the lesser included offense. In making this determination, the trial judge shall view the evidence liberally in the light most favorable to the existence of the lesser included offense without making any judgment on the credibility of such evidence. The trial judge shall also determine whether the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser included offense.

(b) In the absence of a written request from a party specifically identifying the particular lesser included offense or offenses on which a jury instruction is sought, the trial judge may charge the jury on any lesser included offense or offenses, but no party shall be entitled to any such charge.

(c) Notwithstanding any other provision of law to the contrary, when the defendant fails to request the instruction of a lesser included offense as required by this section, such instruction is waived. Absent a written request, the failure of a trial judge to instruct the jury on any lesser included offense may not be presented as a ground for relief either in a motion for a new trial or on appeal.

Tenn. Code Ann. § 40-18-110(a)-(c) (2003). This statute is an amendment to Tennessee Code Annotated section 40-18-110 which became effective January 1, 2002. The defendant's trial was held August 20 and 21, 2002, therefore, this statute applies to the defendant's case. The defendant did not ask for the complained of lesser-included offenses to be included in the instructions to the jury. Under this statute, the defendant's issue would, therefore, be waived. However, a panel of this court has held that this amendment to Tennessee Code Annotated section 40-18-110 is unconstitutional. In State v. Robert Page, No. W2003-01342-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 753 (Tenn. Crim. App. at Jackson, August 26, 2004), perm. app. granted, (Tenn. Jan. 18, 2005), we stated:

[W]e are constrained to hold that the waiver provision of Tennessee Code Annotated section 40-18-110 is an unconstitutional abrogation of a criminal defendant's constitutional right to have the jury charged on all offenses included within the indicted offense and supported by the proof adduced at trial. Accordingly, we hold that the Defendant's failure to request an instruction . . . does not waive the Defendant's right to have the jury so instructed.

Page, 2004 Tenn. Crim. App. LEXIS 753, at *41-42. This Court then went on to analyze the defendant's issue under a harmless error analysis. Even when this Court has stated that a lesser-included offense issue is waived because of the amended statute, the majority of cases have also addressed the issue on the merits. See State v. Curtis Buford, No. W2003-00370-CCA-R3-CD, 2004 WL 385200, at *4-6 (Tenn. Crim. App. at Jackson, Mar. 2, 2004); State v. Nesha Newsome, No. W2002-01306-CCA-R3-CD, 2003 WL 23100597, at *4-7 (Tenn. Crim. App. at Jackson, Dec. 30, 2003); State v. Brian Larice Cureton, No. M2002-00835-CCA-R3-CD, 2003 WL 22303084, at *11-12 (Tenn. Crim. App. at Nashville, Oct. 8, 2003). We agree with this Court's opinion as written in Page and now analyze the defendant's issue under a harmless error analysis, if the error is harmless beyond a reasonable doubt, it will not be plain error since addressing the issue will not be necessary to do substantial justice.

### Lesser-Included Offenses Analysis

Our first step is to determine whether the complained of offenses are actually lesser-included offenses of Class D felony evading arrest. The test to determine whether an offense is a

lesser-included offense of the indicted offense was articulated in our supreme court decision of State v. Burns, 6 S.W.3d 453 (Tenn. 1999). Under the Burns test, an offense is a lesser-included offense of the greater indicted offense if:

> (a) all of its statutory elements are included within the statutory elements of the offense charged; or
> (b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing
> (1) a different mental state indicating a lesser kind of culpability; and/or
> (2) a less serious harm or risk of harm to the same person, property or public interest; or
> (c) it consists of
> (1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
> (2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or
> (3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

Id. at 466-67.

The defendant argues that the trial court should have also instructed the jury on Class E felony evading arrest and reckless driving. Class E felony evading arrest is clearly a lesser-included offense under Part (a) of the Burns test due to the fact that it is one class lower than the offense of which the defendant was convicted. We have already come to this conclusion in State v. Kerry L. Dowell, No. M2002-00630-CCA-R3-CD, 2003 WL 21486978 (Tenn. Crim. App. at Nashville, June 27, 2003) perm. app. denied, (Tenn. Nov. 24, 2003) and State v. Gregory Dunnorm, No. E2001-00566-CCA-R3-CD, 2002 WL 1298770 (Tenn. Crim. App. at Knoxville, June 12, 2002).

As for reckless driving, we addressed this question in State v. James McClennon, No. M2002-00153-CCA-R3-CD, 2003 WL 21458671 (Tenn. Crim. App. at Nashville, June 24, 2003). Our analysis was as follows:

> The elements of Class D felony evading arrest are (1) operating a motor vehicle (2) on a street in this state and (3) receiving a signal from any law enforcement officer to bring the vehicle to a stop and (4) intentionally fleeing or attempting to elude the officer and (5) creating a risk of death or injury to innocent bystanders or other third parties caused by the flight or attempt to elude. The elements of reckless driving are (1) driving a vehicle (2) in a willful or wanton disregard for (3) the safety of persons or property.

> Because "anyone who is driving a vehicle in an attempt to flee or elude law enforcement authorities while creating a risk of death or injury to third parties is

-10-

necessarily driving in 'willful or wanton disregard' for the safety of others," State v. Kerry D. Garfinkle, No. 01C01-9611-CC-00484, 1997 WL 709477, at *4 (Tenn. Crim. App. Nov. 7, 1997), all of the elements of reckless driving are included in the greater offense of Class D felony evading arrest. Therefore, under part (a) of Burns, reckless driving is a lesser-included offense of Class D felony evading arrest. Additionally, because a willful or wanton disregard for the safety of persons or property is a less serious risk of harm than the risk of death or injury to innocent bystanders or other third parties, reckless driving is a lesser-included offense of Class D felony evading arrest under part (b)(2) of the Burns test as well.

McClennon, 2003 WL 21458671 at *13. Thus, both Class E felony evading arrest and reckless driving are lesser-included offenses of Class D felony evading arrest.

**Harmless Error Analysis**

The analysis does not stop with whether or not an offense is a lesser-included offense. In State v. Ely, 48 S.W.3d 710 (Tenn. 2001), our supreme court stated that after we determine whether the complained of offenses are actually lesser-included offenses, we are then required to determine whether failure to instruct on these offenses is harmless error beyond a reasonable doubt. This requirement has since become the tool with which a reviewing court determines whether the failure to instruct on a lesser-included offense is reversible error. More recently, our supreme court has fleshed out when the failure to instruct on a lesser-included offense is harmless error beyond a reasonable doubt. In State v. Richmond, 90 S.W.3d 648 (Tenn. 2002), our supreme court stated that, "In [State v.] Allen [69 S.W.3d 181 (Tenn. 2002)], we reemphasized the principle that the failure to instruct on a lesser-included offense is harmless beyond a reasonable doubt when the 'omitted element is uncontested and supported by overwhelming and uncontroverted evidence.'" Richmond, 90 S.W.3d at 661. Our supreme court also stated that to be harmless error, the error must not affect the outcome of the trial. Id.

Class D and Class E felony evading arrest are found at Tennessee Code Annotated section 39-16-603. That statute provides:

> (b)(1) It is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from such officer to bring the vehicle to a stop.
> . . . .
> (3) A violation of subsection (b) is a Class E felony unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony.

Tenn. Code Ann. § 39-16-603(b)(1) & (3). Class D felony evading arrest requires that the perpetrator's flight create a risk of death or injury to innocent bystanders, which is not required for Class E felony evading arrest. The jury convicted the defendant of reckless endangerment committed with a deadly weapon in addition to convictions for Class D felony evading arrest and violating the Habitual Motor Vehicle Offenders Act. Reckless endangerment committed with a deadly weapon is found at Tennessee Code Annotated section 39-13-103. "A person commits an offense who recklessly engages in conduct which places or may place another person in imminent danger of death or serious bodily injury." Tenn. Code Ann. § 39-13-103(a) (2003).

Clearly the jury determined that the defendant's conduct "placed another person in imminent danger of death or serious bodily injury." Therefore, the jury also opted for Class D felony evading arrest over Class E felony evading arrest, because Class D felony evading arrest also requires that there is a risk of death or injury to innocent bystanders. The State has proven that the trial court's failure to instruct on Class E felony evading arrest has not affected the outcome of the trial. Under these circumstances, we can say beyond a reasonable doubt that the jury, if given the option of Class E felony evading arrest, would not have abandoned its findings of a risk to third parties and convicted only of the Class E crime. Therefore, we determine that the trial court's failure to instruct the jury on Class E felony evading arrest is harmless beyond a reasonable doubt.

Reckless driving is found a Tennessee Code Annotated section 55-10-205. "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving." Class D felony evading arrest includes a risk of death or injury, which is a higher burden than that of reckless driving. As stated in Richmond, it is harmless error beyond a reasonable doubt for a trial court to fail to instruct on a lesser-included offense if the "omitted element is uncontested and supported by overwhelming and uncontroverted evidence." Richmond, 90 S.W.3d at 661. That is clearly the case here. The facts that form the basis of the charges in this case revolve around a motor vehicle. It is also uncontested that the driver of the car was driving in such a manner to endanger both other drivers on the road as well as the bystanders in the neighborhood. The jury obviously found this to be the case as evidenced by the fact that the jury convicted the defendant of both Class D felony evading arrest and felony reckless endangerment. The State has proven that the failure to instruct on reckless driving did not affect the outcome of the trial. This error is harmless beyond a reasonable doubt.

Because we have found that the failure to instruct on the lesser-included offenses was harmless error beyond a reasonable doubt, a substantial right of the defendant has not been affected. The defendant has not proven all five elements required under Adkisson. Therefore, we do not find plain error with regard to this issue. This issue is waived.

## Sentencing

The defendant's final issue is that the trial court erred in imposing consecutive sentences. This is his only challenge to his sentence. The trial court ordered the defendant to serve the sentences for violation of the Habitual Motor Vehicle Offenders Act and the reckless endangerment

-12-

at six (6) years each concurrently. The trial court then ordered that the six (6) year sentences be served consecutive to the twelve (12) year sentence for Class D felony evading arrest for an effective sentence of eighteen (18) years as a career offender to be served in the Department of Correction. "When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2003). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169.

A trial court may impose consecutive sentencing upon a determination that one or more of the criteria set forth in Tennessee Code Annotated section 40-35-115(b) exists. This section permits the trial court to impose consecutive sentences if the court finds, among other criteria, that "the defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4). However, before ordering the defendant to serve consecutive sentences on the basis that he is a dangerous offender, the trial court must find that the resulting sentence is reasonably related to the severity of the crimes, necessary to protect the public against further criminal conduct, and in accord with the general sentencing principles. See State v. Imfeld, 70 S.W.3d 698, 708-09 (Tenn. 2002); State v. Wilkerson, 905 S.W.2d 933, 938-39 (Tenn. 1995).

At the sentencing hearing, the trial court made the following findings:

Under 40-35-115, I may order the sentences to run consecutively. It's not mandatory, but it can be done if the Court finds, by a preponderance of the evidence, that, number one, "The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood." From the types of offenses, I don't see that that - - they're not offenses that would produce income, other than this one drug offense. So, I don't think that's been established by a preponderance of the evidence.

"The defendant is an offender whose record of criminal activity is extensive." That has been established by a preponderance of the evidence. His criminal record extends from Juvenile Court all the way through the present, with virtually no breaks other than when Mr. Patrick was in custody. So, that is established beyond any question.

"The defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high." This record is full of convictions for crimes in which people, the victims, would be in danger. Of course, other than the manslaughter conviction, in which a life was lost, there are assault offenses, aggravated assault, and also offenses of evading arrest – one in which there was a risk of death. So, there are several convictions that indicate crimes that were committed without any concern for other people's welfare and the risk to human life was high.

So, balancing that with the convictions, the nature of the offense, the nature of these convictions, also the type of offenses and considering what Defense Counsel has argued about some of the convictions which did lack in severity, I am going to order that the two six-year sentences be run concurrent to each other, but consecutive to the 12-year sentence for an effective 18-year sentence . . . .

The trial court followed the sentencing guideline procedures and, therefore, there is a presumption that the sentence imposed by the trial court is correct. The defendant has a very extensive prior criminal record. Six (6) pages of his presentence report consist of the list of his prior convictions. The convictions contained in the report begin in 1993 when he was eighteen (18) years of age. These offenses include reckless driving, driving with a suspended license, assault, aggravated assault, disorderly conduct, driving with a revoked license, harassment, theft, evading arrest (risk of death), reckless endangerment (deadly weapon involved), possession of schedule II drugs and voluntary manslaughter. The defendant was convicted for many of these offenses multiple times over a five (5) year period. The defendant was sentenced to six (6) years for his manslaughter conviction in 1998. Immediately after being convicted for this offense, the defendant was arrested for driving with a suspended license, evading arrest and later disorderly conduct. The defendant was on parole when he committed the offenses sub judice.

It is clear that the defendant is a dangerous offender and has little or no regard for human life. Based upon the number of the offenses the defendant committed in such a short period of time, we can only conclude that the defendant is almost constantly engaged in some sort of criminal activity that is a threat to the safety of other individuals. Clearly, he is a danger to the community. The defendant's previous convictions have obviously not slowed down his criminal activity. The only gap in his prior criminal record is when he was incarcerated. It is obvious that a consecutive sentence in his case would protect the public against further criminal actions and is appropriate. We conclude that the trial court's findings are supported by the record.

Therefore, this issue is without merit.

-14-

## CONCLUSION

For the reasons stated above, the defendant's conviction for felony reckless endangerment must be merged into his conviction for Class D felony evading arrest. However, the defendant's effective sentence will remain the same. The defendant is sentenced to twelve (12) years for the Class D felony evading arrest and six (6) years for his violation of the Habitual Motor Vehicle Offenders Act to be run consecutively for an effective sentence of eighteen (18) years. We remand to the trial court for further proceedings in accordance with this opinion.

 

_____

JERRY L. SMITH, JUDGE